1

MIGUEL ILAW
Pro Se Plaintiff

2
932 Pershing Avenue
San Jose, CA 95126

3
408.402.2987

4
Email: miguelilaw@gmail.com

**FILED**

**APR 2 1 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

5
**UNITED STATES DISTRICT COURT**

6
**THE DISTRICT OF COLUMBIA**

7

8
MIGUEL ILAW,

9
*932 Pershing Avenue*

*Plaintiff,*

10
*San Jose, CA 95126*

*vs.*

11

12
DEPARTMENT OF JUSTICE;

13
LUCY H. KOH; and

LITTLER MENDELSON, P.C.

14

*Defendants.*

15

Case: 1:15–cv–00609
Assigned To : Kollar–Kotelly, Colleen
Assign. Date : 4/21/2015
Description: Civil Rights (non. employ)

**VERIFIED**
**CIVIL RIGHTS COMPLAINT**

1)  DEPRIVATION OF RIGHTS
2)  CONSPIRACY AGAINST RIGHTS
3)  OBSTRUCTION OF JUSTICE
4)  FRAUD UPON THE U.S. COURT
5)  TORT OF OUTRAGE

16

17

18

19
**PRELIMINARY STATEMENT**

20
This independent civil action:

21
i]   Is removed from the US Court of Federal Claims, Case No. 15-173-MBH

22
for lack of jurisdiction, originally filed December 22, 2014.

23
ii]  Has genuine issue of a material fact - *Second Notice of Right to Sue* - not

24
adjudicated in any prior litigation against identified Defendants.

25

26

27

28

RECEIVED
Mail Room

**APR 2 1 2015**

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## JURISDICTION

THE ACT OF CONGRESS

1. 'The Civil Rights Act of 1964'
   H.R. 7152. Pub.L. 88–352, 78 Stat. 241
   Enacted July 2, 1964

A landmark piece of civil rights legislation in the United States Congress asserted its authority to legislate under the United States Constitution, and its *power to guarantee* all citizens equal protection of the laws under the Fourteenth Amendment.

GUARANTEED CIVIL RIGHTS

Fourteenth Amendment of the United States Constitution. *Equal Protection Clause*, 'the full and equal benefit of all laws and proceedings for the security of a person.' *Due Process Clause,* 'no person shall be deprived of life, liberty, or property, without due process of law.'

**Title V**

Commission on Civil Rights

SEC. 102(e). If the Commission determines that evidence or testimony at any hearing may tend to defame, degrade, or incriminate any person, it shall receive such evidence or testimony or summary of such evidence or testimony in executive session. The Commission shall afford any person defamed, degraded, or incriminated by such evidence or testimony an opportunity to appear and be heard in executive session.

SEC. 104(a). The Commission on Civil Rights shall –
(3) appraise the laws and policies of the Federal Government with respect to denial of equal protection of the laws under the Constitution because of race, color, religion, or national origin *or in the administration of justice.*

**Title VII**

Equal Employment Opportunities

SEC. 703(a). It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise *to discriminate against any individual* with respect to his compensations, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

OTHER UNLAWFUL EMPLOYMENT PRACTICES

SEC 704(a). It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for labor organization to discriminate against any member thereof, or applicant for membership, *because he has opposed any practice* made an unlawful employment practice by this title, *or because has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing* under this title.

**Title IX**

Intervention

SEC. 902.  Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general importance. (42 U.S. Code § 2000h–2).

2.          'The Civil Rights Act of 1991`
            102nd US Congress.  H.R. Pub.L. 102-166
            Enacted November 21, 1991

### Title I
Federal Civil Rights Remedies

SECTION 101.  42 U.S.C. Section 1981 as amended –

(1)  by inserting "(a)" before "All persons within" and

(2)  by adding at the end the following subsections:

(c)  *The rights protected by this section are protected against impairment by nongovernmental and impairment under color of State law.*"

SECTION 108.  42 U.S.C. Section 2000e-2

(n) Resolution of challenges to employment practices implementing litigated or consent judgments or orders

(1)

(A) Notwithstanding any other provision of law, and except as provided in paragraph (2), an employment practice that implements and is within *the scope of a litigated or consent judgment or order that resolves a claim of employment discrimination* under the Constitution or Federal civil rights laws may not be challenged under the circumstances described in subparagraph (B).

(B) A practice described in subparagraph (A) may not be challenged in a claim under the Constitution or Federal civil rights laws—
(i) by a person who, prior to the entry of the judgment or order described in subparagraph (A), had—

(I) actual notice of the proposed judgment or order sufficient *to apprise such person that such judgment or order might adversely affect the interests and legal rights of such person and that an opportunity was available to present objections to such judgment or order by a future date certain*; and

(II) *a reasonable opportunity to present objections to such judgment or order;* or

(ii) by a person whose interests were adequately represented by another person who had previously challenged the judgment or order on the same legal grounds and with a similar factual situation, unless there has been an intervening change in law or fact.

(2) *Nothing in this subsection shall be construed to* —

(A) alter the standards for intervention under rule 24 of the Federal Rules of Civil Procedure or apply to the rights of parties who have successfully intervened pursuant to such rule in the proceeding in which the parties intervened;

(B) apply to the rights of parties to the action in which a litigated or consent judgment or order was entered, or of members of a class represented or sought to be represented in such action, or of members of a group on whose behalf relief was sought in such action by the Federal Government;

(C) *prevent challenges to a litigated or consent judgment or order on the ground that such judgment or order was obtained through collusion or fraud*, or is transparently invalid or was entered by a court lacking subject matter jurisdiction; or

(D) *authorize or permit the denial to any person of the due process of law required by the Constitution.*

(3) Any action not precluded under this subsection that challenges an employment consent judgment or order described in paragraph (1) shall be brought in the court, and if possible before the judge, that entered such judgment or order. Nothing in this subsection shall preclude a transfer of such action pursuant to <u>Section 1404 of Title 28</u> (Page 6).

3.  Title 28 U.S.C. Section 1343(a)

The district courts shall have original jurisdiction of any civil action authorized by law to   be commenced by any person:

(1) To recover damages for injury to his person, or because of the deprivation of any right   or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in Section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur or power to prevent;

(3) To redress the deprivation, under color of any State law   of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) *To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights,* including the right to vote.

4.  Title 28 U.S.C. Section 1331

The district courts shall have original jurisdiction of all civil actions arising under the Constitution or laws of the United States,

5.  Title 28 U.S. C. Section 1404

Change of venue. (a) For the convenience of parties and witnesses, *in the interest of justice, a district court may transfer any civil action to any other district or division* where it might have been brought or to any district or division to which all parties have consented.  (b) Upon *motion,* consent or stipulation of all parties, any action, suit or proceeding of a civil of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court

Plaintiff attaches *Motion for Disqualification of Ninth Circuit Courts* in support.

6.          Title 42 U.S.C. Section 1981

Equal rights under the law
(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(c) *Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.*

## THE PARTIES

1.    Plaintiff.

Miguel Ilaw is an indigent pro se class male individual of ethnic minority.

2.    Defendants.

i]       Department of Justice, a federal agency pursuant to Title 5 U.S.C. § 551(1).
         Official Capacity, District Judge Lucy H. Koh
         950 Pennsylvania Avenue, NW, Washington, DC 20530

ii]      Lucy H. Koh ("Koh"), Individual and Personal Capacity
         280 South First Street, Suite 2112 San Jose, CA 95113

iii]     Littler Mendelson, a Professional Corporation ("Littler")
         Robert A. Domingues, Chief Operating Officer
         650 California Street, 20th Floor San Francisco, CA 94108

**FACTUAL ALLEGATION**

1.   STATE ACTORS

In 2008-2010, the following are State Actors in the State of California, Santa Clara County Superior Court:

      i.    Catherine A. Gallagher, *Presiding Judge*

      ii.   Lucy H. Koh, *Associate Judge*

      iii.  Christopher Cobey, *Temporary Judge* & Littler Shareholder

2.   JUDICIAL NOMINATION

On February 11, 2010, U.S. Senate Judiciary Committee Hearing on 'Judicial Nominations' was presided by Senator Amy Jean Klobuchar and served by Senator Jeff Sessions at Dirksen Senate Office Building, Room 226, Washington, The District of Columbia. Koh was nominated to be United States District Judge for the Northern District of California. 02/11/2010 Transcription. (Page 9).

3.   On February 11, 2010, US Senator Barbara Boxer issued a press statement:

> 'According to Santa Clara County Superior Court Presiding Judge Catherine Gallagher, Judge Koh is universally held in high esteem and well-liked. She has a reputation for being prepared, thoughtful, intellectually honest, and fair. She has demonstrated exemplary judicial temperament.'
>
> Exhibit A :: www.senate.boxer.gov

02/11/2010  U.S. Senate Judiciary Committee Hearing

Koh:        "Minority judges still need to maintain the 'disguise of objectivity' or else face challenges to their decision."

Sessions:   "The whole American legal system, the whole cross-examination idea, things we were taught in law school is to me based on a belief that the truth is ascertainable, there is some objectivity and the process to try to bring the truth out and judge's role is to allow this process to occur in a fair and objective way and then to honestly and objectively apply truthfully found facts to the law.  Would you agree with that?"

Koh:        "Yes, Senator Sessions, I agree wholeheartedly, one hundred percent."

Sessions:   "I think the deal to have more diversity on the bench has led to some rhetoric from a lot of our nominees."

Koh:        " [ ] I have faithfully follow the law and do not believe that there should be any kind of prejudice or bias in judicial decision-making.  [ ] Litigants, parties, counsel are entitled to objectivity and I think our rule of law would simply break down if everyone were to just insert their own personal biases.  Our system of justice in this great country exists because there is rule of law which we all respect."

Sessions:   " [ ] Judge takes the oath to impartially follow the law and the facts of the case, and that's the oath that they take and that's a deep thing and if a person appearing before the bench feels the judge's personal experiences, their ethnic background, their religion, their political philosophy causes them not to listen fairly to their case, not to fairly find the facts in their case, wouldn't you agree the whole system is in jeopardy, actually you just said the system would be in jeopardy."

Koh:        "I agree with you."

Sessions:   "Thank you."

1

4.     EMPLOYMENT TERMINATION

2

      On September 14, 2010, Plaintiff's employment was terminated by Daughters of Charity

3

Health System, Incorporated ('Daughters of Charity') and its affiliated companies, Caritas Business

4

Services ('Caritas') and O'Connor Hospital after alleging Title VII gender discrimination on August

5

03, 2010, pursuant to 1) The Civil Rights Act of 1964 and 2) The Civil Rights Act of 1991.

6

7

5.     *First* TITLE VII Notice of Right To Sue

8

      October 20, 2010.  Equal Employment Opportunity Commission (EEOC) issued the *First*

9

Notice against Daughters of Charity.  The next day, October 21, 2010, Plaintiff hired Attorney

10

David Kornbluh ('Kornbluh') of Millet, Morton, Caillat & Nevis, LLP at 50 West San Fernando

Street, 13th Floor, San Jose CA 95113.

11

12

13

    //

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.   STATE ACTION

7.   Filed November 5, 2010 by Attorney Kornbluh under *state law* against Daughters of Charity in Santa Clara County Superior Court.

8.   Plaintiff invoked Seventh Amendment.

9.   Kornbluh quickly proceeded with mediation in private litigation.

> Santa Clara County Superior Court
> *Miguel Ilaw v. Daughters of Charity, et al.*
> Case No. 10-cv-186728
> Alternative Dispute Resolution (ADR)
> 160 West Santa Clara Street, San Jose CA
> March 25, 2011
>
> ADR Neutral Mediator:      Gallagher
> ADR Defense Counsel:       Littler Shareholder Joshua Feldman
> ADR Plaintiff Counsel:     Kornbluh

10.   After reviewing ADR agreement, Plaintiff discovered local court rule violation.

   a) dismissal of worker's compensation claim absent subject-matter jurisdiction;
   b) concealment of industrial injury; and
   c) discrete discrimination from refusal to transfer or rehire.

11.   Plaintiff terminated Kornbluh the next day, March 28, 2011, for betrayal and legal misrepresentation.

12.   Plaintiff revoked ADR and invoked EEOC non-waiver of rights.

13.   On May 31, 2011, Plaintiff dismissed without prejudice his State Action in pro se.

//

14.   FEDERAL ACTION

    15.   Filed June 7, 2011.

    16.   In the United State District Court (USDC), Northern District of California City of San Jose, County of Santa Clara

    17.   Case No. 11-cv-02752.  Magistrate Judge Paul Singh Grewal.

    18.   Plaintiff proceeded as pro se litigant and relies with independent federal judiciary.

    19.   Plaintiff finally claims Title VII causes of action: 1) gender discrimination; 2) pay discrimination; 3) hostile work environment; and 4) retaliation.

    20.   Defendants: Daughters of Charity; Caritas; & O'Connor Hospital.

    21.   Defense Counsel: Littler Shareholder Joshua Feldman (Los Angeles County)

    22.   Defense Counsel: Littler Shareholder Karin Cogbill (Santa Clara County)

    23.   Plaintiff invoked Seventh Amendment.

    24.   CASE REASSIGNMENT

        25.   July 6, 2011

        26.   To Judge Koh

> ORDER REASSIGNING CASE.  Case assigned to Judge Lucy H. Koh for all further proceedings and Magistrate Judge Paul Singh Grewal for discovery matters.  Signed by The Executive Committee on 7/06/2011.  Entered: 7/07/2011.
>
> Exhibit **B**
> USDC San Jose :: 11-cv-02752-KOH

        27.   That Koh acted with actual legal malice for self-assignment in personal, administrative and executive capacities, having professional alliance with Gallagher and Littler ¶ 1.

28.   Littler moved to dismiss the complaint as 'time-barred' [*first* Notice of Right To Sue].

29.   Koh granted Plaintiff to file Second Amend Complaint (SAC-KOH).

30.   To emphasize equitable tolling of the *first* Notice of Right To Sue.

//

31.    THE NEW YORK TIMES.  Exhibit **C**

> 32.    July 21, 2011 Publication
>
> 33.    Article, *Clogging of Courts is Expected After Cuts*
>
> 34.    Author, Aaron Glantz
>
> 35.    Silicon Valley Judge Catherine A. Gallagher as private litigator:
>
> 36.    "It is cheaper for people who can afford to buy a judge because you're not having your attorney sitting around for two or three hours waiting for a hearing to be held     you'd have to pay for that time." ~ Gallagher

>    37.    <u>That Littler bought a judge.</u>

38.    SAC-KOH.  Exhibit **D**

    39.    Filed October 04, 2011.

    40.    **Plaintiff seeks Three Million Dollars.**                          D at 80

    41.    Plaintiff described ADR proceeding on March 25, 2011.    D at 40

        42.    Quoting Neutral Mediator.                                 D at 40

        43.    Quoting Kornbluh.                                          D at 40

        44.    Plaintiff claims coercion under duress.

    45.    Koh has official knowledge of State Mediation.

    46.    Koh has personal knowledge of State Action. [1]

---

[1] Code of Conduct For United States Judges.

Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently.

(C) Disqualification

   (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

   (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

47.   Equitable Tolling for *First* Notice of Right To Sue (SAC-KOH)

48.   Plaintiff cited Supreme Court.[2]

49.   National Railroad Passenger Corporation v. Morgan.  D at 9
Title VII equitable tolling for discrete discrimination.  Justice Clarence
Thomas: *'Discrete acts such as termination, failure to promote, denial
of transfer, or refusal to hire are easy to identify. Each incident of
discrimination and each retaliatory adverse employment decision
constitutes a separate actionable "unlawful employment practice".'*

50.    Holland v. Florida.  D at 66
'Attorney misconduct, bad faith, dishonesty and divided loyalty.'
[ i.e., Kornbluh]

51.   Plaintiff cited Title VII Civil Rights Act of 1964 provisions:

SEC 704(a). OTHER UNLAWFUL EMPLOYMENT PRACTICES.  D at 55
*'It shall be an unlawful employment practice for an employer to
discriminate against any employees . . . because he has made a charge,
testified, assisted, or participated in any manner in an investigation,
proceeding or hearing under this title.'*

Title VII Enforcement Provision. 42 U.S.C. § 2000e-5(e)(1).  D at 62
*'In case of an unlawful employment practice with respect to which a
person aggrieved has initially instituted proceedings with a State . . . such
charge shall be filed by or on behalf of the person aggrieved within three
hundred days after the alleged unlawful employment practice occurred.'*

52.   That on March 25, 2011, neutral mediator drafted:  D at 41

'Plaintiff shall not seek employment or re-employment with the Defendants.'

53.   Plaintiff alleges continuing violation doctrine.  D at 3

'This lawsuit involves conditions of systemic Title VII violations prior to limitation
period, within the limitation period and continuing systemic violation after employment
termination.

---

[2] *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101 (2002)

*Holland v. Florida,* 560 U. S. (2010)

| 54. | **THE MATERIAL FACT** |
|---|---|
| 55. | Issued October 20, 2011. Exhibit **E** |
| 56. | By EEOC Director Dana Johnson. |
| 57. | Against Daughters of Charity. |
| 58. | From refusal to transfer or rehire within a big corporation. |
| 59. | `Must be filed in a federal court WITHIN 90 DAYS of your 10/20/11 receipt.' |
| 60. | The *Second* Notice effectuates continuing violation doctrine alleged in SAC ¶ 53. |

| 61. | **THE MOTION FOR THE MATERIAL FACT** |
|---|---|
| 62. | Plaintiff's Motion To Shorten Time.  F.R.Civ.P. 6-3(a).  Exhibit **F** |
| 63. | Requested calendar date, November 2011. |
| 64. | Filed October 24, 2011. |
| 65. | Plaintiff stated: '*The New Notice of Right to Sue extends the statute of limitation.*' |

| 66. | **THE OPPOSITION AGAINST THE MATERIAL FACT** |
|---|---|
| 67. | LITTLER's Opposition to Plaintiff's Motion To Shorten Time.  Exhibit **G** |
| 68. | Filed October 26, 2011. |
| 69 | Littler Shareholder Cogbill wrote: |
| 70. | 'On October 24, 2011, Plaintiff filed a *Motion to Shorten Time* requesting that the Court schedule a Status Conference for a date in November.  Defendants would request that such conference **not** be scheduled until after the hearing on *Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint* which is set for February 4, 2012.' |
| 71. | 'The pending motion to dismiss requests that the Court dismiss Plaintiff's Second Amended Complaint without leave to amend.  If granted, this case will be dismissed in its entirety and scheduling conference would be **unnecessary**.' |
| 72. | Littler is silent about the material fact. |

73.   That Littler endeavored to impede the material fact.

74.    ORAL ARGUMENT. February 2, 2012. Defendant's Motion to Dismiss SAC. The Court called the attention of the Plaintiff - first among 20 people courtroom-attendance. Plaintiff felt the Court's discrete hostility to a pro se litigant, fourth case on the motion calendar.

75.    COURT REPORTER'S TRANSCRIPT. Exhibit **H**

| 76. | PAGE 8 | THE COURT: | Okay. I know you attached in your opposition your request for a right to sue letter. Have you received one? |
| | | MR ILAW: | Yes. |
| 77. | PAGE 9 | THE COURT: | When did you receive the second one? |
| | | MR ILAW: | October 20th of 2011, last year. |
| 78. | PAGE 11 | MR ILAW: | Can I have a question your honor? |
| | | THE COURT: | Yes. |
| | | MR ILAW: | Does the federal court allow court-appointed attorney for non-represented? |
| | | THE COURT: | Yes. Yes. And I have appointed counsel in some cases. I unfortunately think that your case is time-barred so I don't intend to appoint one. |
| 79. | PAGE 12 | THE COURT: | Well, I will take – I will certainly – I mean, I've read everything that you filed. |
| | | MR ILAW: | Yes. |
| | | THE COURT: | And I will certainly take everything into consideration. |

80.   THE ORDER - Exhibit **I**

    81.   Case No. 11-cv-02752-KOH Title VII Action

    82.   Entered February 06, 2012.

    83.   KOH: "Based on totality of circumstances, the Court concludes that Plaintiff has not pled the existence of any extraordinary circumstances that prevented him for filing this federal lawsuit on time. Plaintiff has not shown an entitlement to equitable tolling, and therefore his SAC must be dismissed as time-barred."
        ORDER Page 11

> 84.   "The Court finds that granting Plaintiff leave to amend to file a Third Amended Complaint against Defendant would unduly prejudice Defendant by forcing it to defend against stale claims, and would likely also be futile."
>     ORDER Page 12
>
> 85.   "Accordingly, Plaintiff's SAC is dismissed as to Defendant Daughters of Charity WITH PREJUDICE."
>     ORDER Page 12
>
> 86.   "Plaintiff's Motion to Shorten Time for a Status Conference, ECF No. 42, is hereby also DENIED as moot."
>     ORDER Page 13, Footnote 9; Line 28

    87.   Koh is silent about the material fact.

    88.   That the order concealed the material fact.

    89.   That Koh endeavored to impede the material fact.

90.   That Littler and Koh impeded the material fact.

------------------------

Exhibit **J**.   Ninth Circuit Pro Bono Appeal Counsel argued FIRST Notice of Right To Sue - ONLY.

Exhibit **K**.   Ninth Circuit Affirmed dismissal based on FIRST Notice of Right To Sue - ONLY.

**91. THE CONSPIRACY ACT**

'Mooting The Material Fact' [3]

Pro Se Plaintiff

1.  Moved about a material fact on October 2011.
2.  For November 2011 calendar.


Littler, in opposition pleading, corruptly and knowingly

3.  Persuades Koh that the motion is unnecessary.
4.  Concealed the material fact.


Koh's Order, February 2012

5.  Dismissed SAC against Daughters of Charity.
6.  Footnoted and 'mooted' the material fact.
7.  Concealed the material fact.



Littler and Koh, corruptly and knowingly

8.  Concealed the material fact.
9.  Impeded the material fact.
10. Discriminated the Plaintiff as indigent pro se class ethnic male litigant.
11. Denied pro se his guaranteed rights under Equal Protection Clause.
12. Denied pro se his guaranteed rights under Due Process Clause.
13. Successfully defeated a pro se litigant.
14. Successfully impeded due administration of justice.

------------------------

[3] Document: *Second* Notice of Right To Sue

92.  CIVIL RIGHTS ACTION

93.  USDC San Francisco. Case No. 13-cv-04851
94.  Complaint filed October 18, 2013.
95.  Presided by District Judge Jeffrey S. White - JSW
96.  Plaintiff claims deprivation of civil rights against Littler, Koh, *et al.*

97.  Consistent with perceived miscarriage of justice, isolated Plaintiff wrote his complaint with utmost anger.  Without sleep, without appetite, with emotional and physical distress, indigent Plaintiff had sudden shortness of breath and sharp chest pain early evening on November 6, 2013, while amending his civil rights claim.

98.  Plaintiff had cardiac arrest, was rushed to Kaiser Permanente Santa Clara Emergency for a mild myocardial ischemia with decreased delivery of oxygen and nutrient to his heart.

99.  Plaintiff had cardiac surgery.

100. Plaintiff survived.

101. Plaintiff filed Second Amended Complaint (SAC-JSW).

102. SAC-JSW.  Filed December 30, 2013.  Exhibit **L**

103. **Plaintiff did not allege *Second* Notice of Right To Sue.**

104. Indirect (in disguise) deprivation by Federal Actor Koh.      L at 16

105. Plaintiff claims judicial partiality in favor of Littler.      L at 62

106. Plaintiff claims *a pattern of antagonism and legal malice*.   L at 7

'Ilaw - as defenseless indigent working-class male litigant belonging to ethnic minority - is entitled to a relief as he suffered and continue to suffer proximate causes of outrage when state and private actors deprive him of his constitutional rights, directly and indirectly, in disguise of objectivity with conscious pattern of antagonism and legal malice.'

107. Plaintiff complains about Video Deposition ~ Exhibit **M**

108. That Littler's impose a protective order on video deposition conducted by the Plaintiff as Examiner on October 19, 2012.

109. That during the deposition, the alleged harasser, O'Connor Hospital Director, MaryEllen Swigert, displayed animus and hostility to the Plaintiff.  L at 58

110. Accordingly, Plaintiff cannot give evidence as pro se litigant.

111.   Plaintiff alleges *conflict of interest*.  L at 59

112.   June 5, 2012.  L at 53

Littler Shareholder Cobey as County Judicial Candidate lobbied, solicited and campaigned for county election in Santa Clara County Superior Court.

113.   November 15, 2012.  L at 54

Littler Shareholders Cobey and Cogbill co-wrote Littler's internet newsletter publication:  Do You Know The Way To Pay in San Jose?

114.   Plaintiff accuses Littler of state and federal *judicial machinery*.  L at 59

115.   Plaintiff claims that Littler Professionals violated The State Bar Act.[4]

The State Bar Act Section 6067.  L at 59

"Every person on his admission shall take an oath to support the Constitution of the United States and the Constitution of the State of California, and faithfully to discharge the duties of any attorney at law to the best of his knowledge and ability. A certificate of the oath shall be indorsed upon his license."

The State Bar Act Section 6068.  L at 59

It is the *duty* of an attorney to do all of the following:

(a) To support the Constitution and laws of the United States and of this state.

(b) To maintain the respect due to the courts of justice and judicial officers.

(d) To employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law.

(g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest.

(h) *Never to reject, for any consideration personal to himself or herself, the cause of the defenseless or the oppressed.*

116.   ORDER, JSW.   Exhibit **N**

117.   Entered January 14, 2014.

118.   *Sua Sponte* DISMISSAL.

119.   *"Defendants have absolute immunity."*

---

[4] The State Bar Act refers to the California Business and Professions Code, Division 3, Chapter 4 – Attorneys - Bus. & Prof. Code Sections 6000 et seq., Rules of Professional Misconduct

120.    Ninth Circuit U.S. Court of Appeals

    121.    JSW Appeal Case No. 14-15131
    122.    Filed April 18, 2014
    123.    Opening Brief.  Exhibit **O**
    124.    Plaintiff claims to be a *disadvantaged pro se class*.  N at 30

> 'Judges and lawyers recognize pro se litigants as a *class;* and it is unavoidable that pro se litigants are disadvantaged by their lack of training. *Senior District Judge James K. Singleton*, Ninth Circuit Task Force on Self-Represented Litigants, Final Report (2005).

    125.    Plaintiff cited <u>Redman v. County of San Diego</u>. O at 5
          942 F.2d 1435, 1439-40 (9th Cir. 1991) (en banc).

> 'A person deprives another of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative act, or  omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'

    126.    Plaintiff cited <u>Henry v. County of Shasta</u>.  O at 25
          137 F.3d 1372 (9th Cir. 1998).
          'That turning blind eye to constitutional violation can demonstrate deliberate indifference.'

    127.    That Judge White turned a blind eye.  O at 16

128.    Ninth Circuit ORDER. Exhibit **P**

    129.    Entered August 18, 2014.  No. 14-15131.
    130.    Presided by Chief Judge Mary M. Schroeder, *Former.*
    131.    Presided by Chief Judge Sidney R. Thomas, *Incumbent.*
    132.    AFFIRMED.
    133.    'A review of the record, and appellant's filings, including the response to the April 9, 2014 order to show cause and the opening brief, indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard).'
    134.    That his 'home circuit' turned a blind eye.

135.   **JUDICIAL IMMUNITY IS NOT ABSOLUTE.**   O at 19

PURPOSE:  The Doctrine of Judicial Immunity serves to assure independent judicial decision-making. *Pierson v. Ray,* 386 U.S. 547, 554 (1967).  Its authority, *Stump v. Sparkman,* 435 U.S. 349 (1978), held that a judge will remain absolutely immune from a damage suit if the act he performed was a 'judicial' act.  Id. at 360

Stump 2-Factor Test ['Judicial Act']  *Id.* at 362

1.  'Nature' of the Act:              Whether the 'Act' is a function normally performed by a judge.

2.  'Expectations' of the parties:    Impartiality.

---

### STUMP ≜ KOH TEST

1.      <u>Nature</u> – Under this factor it is important to look to the character of the act, not the character of the actor. *Ex parte Virginia*, 100 U.S. 339, 348 (1879)

    Personal, Administrative, Executive Act    ¶ 27

    Personal knowledge of State Mediation      ¶ 46

    Mooting *Second* Notice of Right To Sue    ¶ 86

2.      <u>Expectation</u> – Impartiality.

                    KOH + LITTLER

    ¶ 1     Meeting of the Minds        ¶ 86

    ¶ 1     Conspiratorial Objective    ¶ 85

    ¶ 1     Favoritism                  ¶ 84

---

//

## ADMINISTRATIVE REMEDIES

136. That Plaintiff sought equitable remedies at law, complained and petitioned for relief.

    i.     Supreme Court of California, No. S208644

           Exhibit **Q** ~ Petition for Review 02/14/2013

    ii.    On Notice, State Attorney General. No. S208644

           Exhibit L at 64-65 ~ Petition for Relief 03/08/2013

    iii.   State Bar of California

           Exhibit L at 59-60 ~ Inquiry No. 13-14355 03/08/2013

137. That from the outset, Paragraph 1, Plaintiff claims that the judicial alliance of Gallagher-Littler-Koh had evil intent to defeat due course and administration of justice.

138. ***That the foregoing acts,***
    139.  official,
    140.  executive,
    141.  administrative and
    142.  personal,
        143.  are dependent and orchestrated,
        144.  not merits related,
        145.  are deviated from normal judicial proceedings,
        146.  in actual bias against a pro se litigant, and
        147.  high degree of favoritism to the defense counsel.
    148.  *demonstrate*
        149.  deliberate indifference,
        150.  actual legal malice,
        151.  actual deception,
        152.  despotic oppression
        153.  and actual discrimination
            154.  against a male,
            155.  pro se class,
            156.  indigent litigant,
            157.  of ethnic minority.
    158.  mock and shock the plaintiff,
    159.  make the plaintiff sick,
    160.  isolate the plaintiff from the society, and
    161.  subjected the plaintiff with indignity.

162.   FEDERAL CLAIMS:

                **COUNT 1.**   DEPRIVATION OF RIGHTS

                **COUNT 2.**   CONSPIRACY AGAINST RIGHTS

                **COUNT 3.**   OBSTRUCTION OF JUSTICE

                **COUNT 4.**   FRAUD UPON THE US COURT

                **COUNT 5.**   TORT OF OUTRAGE

163.   Plaintiff incorporates all factual allegations ¶¶ 1- 161.

164.   *Against*  Department of Justice, Koh Official Capacity

165.   *Against*  Lucy H. Koh, Personal Capacity

166.   *Against*  Littler Mendelson, a Professional Corporation

· · · · ·

**COUNT 1.** DEPRIVATION OF RIGHTS

    A.    Title 42 United States Code

        <u>Section 1983.  Deprivation of rights secured by the Constitution</u>

§ 1983.  Civil action for deprivation of rights. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of   any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured  in an action at law, *suit in equity,* or other proper proceeding for redress.

    B.    Title 18 United States Code

        <u>Section 242.  Deprivation of rights under color of law</u>

§ 242.  *Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States,* or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, *shall be fined under this title or imprisoned not more than one year, or both;* and *if bodily injury results from the acts committed in violation of this section* or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, *shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.*

• • • • •

**COUNT 2.** CONSPIRACY AGAINST RIGHTS

A.     Title 42 United States Code

Section 1985(**3**).  Depriving persons of rights

§ 1985. Conspiracy to interfere with civil rights. (**3**) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the  laws, or of equal privileges and immunities under the laws.

B.     Title 18 United States Code

Section 241.  Conspiracy against rights

§ 241.   *If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;* or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

*They shall be fined under this title or imprisoned not more than ten years, or both;* and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

'Because § 1985(3) reaches private conspiracies to deprive others of legal rights can, of itself, cause no doubts of its constitutionality. It has long been settled that 18 U.S.C. § 241, a criminal statute of far broader phrasing reaches wholly private conspiracies and is constitutional. ' *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

• • • • •

**COUNT 3.** OBSTRUCTION OF JUSTICE

    A.    Title 42 United States Code

            Section 1985(**2**). Obstructing justice

§ 1985. Conspiracy to interfere with civil rights. (**2**) Obstructing justice.

- *If two or more persons* in any State or Territory conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory;

- With intent to deny to any citizen the equal protection of the laws;

- With intent to injure him for attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

    B.    Title 18 United States Code

            Section 1503(a). Omnibus Provision

| | | |
|---|---|---|
| § 1503(a). | I. | Whoever |
| | II. | A. *corruptly or* |
| | | B. by threats or force, or |
| | | C. by any threatening letter or communication, |
| | III. | A. *influences,* |
| | | B. *obstructs, or* |
| | | C. *impedes, or* |
| | | D. *endeavors to* |
| | |     1. *influence,* |
| | |     2. *obstruct, or* |
| | |     3. *impede,* |
| | IV. | The *due administration of justice.* |

    § 1503(b)(3). Shall be punished by imprisonment for not more than 10 years, a fine under this title, or both.

//

C.   Title 18 United States Code

Section 1512(b).  Obstruction by persuasion or deception

§ 1512(b).   I.   Whoever
            II.   *Knowingly*
                  A. uses intimidation
                  B. threatens, or
                  C. *corruptly persuades another person, or*
                  D. *attempts to do so, or*
                  E. 1. *engages in misleading conduct*
                     2. *toward another person,*

            III.   *with intent to*
                  A. 1. a. *influence,*
                         b. delay, or
                         c. *prevent*
                     2. *the testimony of any person*
                     3. *in an official proceeding, or*

                  B. *cause or induce any person to*
                     1. a.   i. *withhold testimony, or*
                            ii. *withhold a*
                                (I) *record,*
                                (II) *document, or*
                                (III) other object,*
                            b. *from an official proceeding;*

§ 1512(i).   A prosecution under this section or section 1503 may be brought in the district court.

§ 1512(c)(2).   Shall be fined under this title or imprisoned not more than 20 years, or both.

**COUNT 4.**   FRAUD UPON THE U.S. COURT

**COUNT 5.**   Intentional infliction of emotional and physical distress.

• • • • •

1

2

**WHEREFORE**, the Plaintiff requests that this suit in equity grants the following:

3

'Court of Law'

4

1) Plaintiff invokes *Seventh Amendment* pursuant to F.R.Civ.P. 38(b).

5

2) For *declaratory judgment.*

6

Under Section 1985, 'in any case of conspiracy set forth in this section, if one or more

7

persons engaged therein do, or cause to be done, any act in furtherance of the object of such

conspiracy, whereby another is injured in his person or property, or deprived of having and

8

exercising any right or privilege of a citizen of the United States, the party so injured or deprived

9

may have an action for the *recovery of damages* occasioned by such injury or deprivation, against

10

any one or more of the conspirators.'

11

3) For *general, special damages.* Carey v. Piphus, 598. 435 U.S. 247 (1978)

12

4) For *punitive damages.* Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991)

13

5) Indigent Plaintiff applies for Court appointed representation under Local Rule 83.10(a).

14

6) For applicable attorney's fees pursuant to 42 U.S.C. Section 1988.

15

16

'Court of Equity'

17

Without a jury pursuant to Section 1343 (a) (4), 'To recover damages or *to secure equitable or other*

18

*relief* under any Act of Congress providing for the protection of civil rights,' Plaintiff respectfully

19

requests the following for *equitable relief:*

20

1) Intervention, U.S. Attorney General and Commission on Civil Rights

21

2) Permanent injunction, Lucy H. Koh and Littler Mendelson PC

22

3) Recovery of equitable damages from obstructed Title VII claim.

23

24

25

26

27

28

United States Attorney General
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20530

Miguel Ilaw, plaintiff, petitions for intervention and relief based on the alleged impairment of protected rights pursuant to:

• Title 42 of the U.S.C. Section 2000h–2, intervention by Attorney General based on the attached civil rights complaint alleging denial of equal protection of the laws under the Fourteenth Amendment to the Constitution.

• Section 902. Title IX. The Civil Rights Act of 1964. Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general importance.

• Section 101. Title I. The Civil Rights Act of 1991. Title 42 U.S.C. Section 1981(a)(c), providing that *the rights protected by this section are protected against impairment   by   nongovernmental discrimination and impairment under color of State law.'*

• Section 108. Title I. The Civil Rights Act of 1991. Title 42 U.S.C. Section 2000e-2 (n) Resolution (1)(A)(B)(I)(II), *'to apprise such person that such judgment or order might adversely affect the interests and legal rights of such person and that an opportunity was available to present objections; and a reasonable opportunity to present objections to such judgment or order;'* (n)(2)(C)(D)(3), *challenging a litigated or consent judgment or order on the ground that such judgment or order was obtained through collusion or fraud; unauthorized denial to any person of the due process of law required by the Constitution; and that such challenge shall be brought in the court.*

Respectfully submitted.

*[signature]*

MIGUEL ILAW, Plaintiff
April 20, 2015

U.S. Commission on Civil Rights
Commissioner Peter N. Kirsanow
1331 Pennsylvania Avenue, NW,
Suite 1150
Washington, DC 20425

Miguel Ilaw, plaintiff, petitions for intervention and relief based on the alleged impairment of protected rights pursuant to:

• Section 102(e). Title V. The Civil Rights Act of 1964

If the Commission determines that evidence or testimony at any hearing may tend to defame, degrade, or incriminate any person, it shall receive such evidence or testimony or summary of such evidence or testimony in executive session. The Commission shall afford any person defamed, degraded, or incriminated by such evidence or testimony an opportunity to appear and be heard in executive session.

• Section 104.(a). Title V. The Civil Rights Act of 1964

The Commission on Civil Rights shall – (3) appraise the laws and policies of the Federal Government with respect to denial of equal protection of the laws under the Constitution because of race, color, religion, or national origin *or in the administration of justice.*

• Section 101. Title I. The Civil Rights Act of 1991

Title 42 U.S.C. Section 1981(a)(c), providing that *'the rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.'*

Respectfully submitted.

*Miguel Ilaw*

MIGUEL ILAW, Plaintiff
April 20, 2015

United States District Court
The District of Columbia
333 Constitution Avenue, NW
Room 1225
Washington, DC 20001

Plaintiff Miguel Ilaw petitions for permanent injunction on behalf of the general public, to prohibit Littler Mendelson, a Professional Corporation and District Judge Koh to further joint adjudication in concert, in any court proceeding, in any jurisdiction.

The complaint is of 'general public importance' of unusual gravity demonstrating violations of moral, ethical and professional rules resulting to orchestrated impairment under color of state law against a powerless pro se class male litigant of ethnic minority.

Littler Mendelson, a Professional Corporation

       Robert A. Domingues, Chief Operating Officer
       Christopher Cobey, Shareholder
       Karin Cobill, Shareholder
       Joshua Feldman, Shareholder

       650 California Street, 20th Floor
       San Francisco, CA 94108

Lucy H. Koh

       District Court Judge, USDC Northern California District

       280 South First Street, Suite 2112
       San Jose CA 95113

Respectfully submitted.

*Miguel Ilaw*

MIGUEL ILAW, Plaintiff
April 20, 2015

United States District Court
The District of Columbia
333 Constitution Avenue, NW
Room 1225
Washington, DC 20001

Plaintiff Miguel Ilaw petitions for equitable relief for his equitable rights equivalent to the amount sought in the obstructed Title VII, The Civil Rights Act of 1964. This Court of Equity must recognize that Defendants:

i)   *failed* their duties and obligations, under oath, under the Constitution;
ii)  *cheated* a powerless litigant inside the court of justice; and
iii) *obstructed* justice from discriminatory indulgence of their authority and power to ignore, suppress and impede his class as a person in his position.

That the obstructed Title VII complaint seeks 'Right of Recovery' pursuant to Section 102, Title I, Civil Rights Act of 1991; and that the present action alleges impairment of the protected rights under color of State law.

*Plaintiff seeks Three Million Dollars* as alleged in the obstructed Title VII second amended complaint, Paragraph 40, Exhibit D, SAC-KOH at 80. For this instant action, Plaintiff is asking the recovery of equivalent monetary and equitable damages from *each* Defendant under Section 1985, recovery of damages:

i.    Department of Justice. KOH Official Capacity
ii.   Lucy H. Koh, Personal Capacity
iii.  Littler Mendelson, a Professional Corporation

Respectfully submitted.

*Miguel Ilaw*

MIGUEL ILAW, Plaintiff
April 20, 2015

1    I wrote and verified this Civil Rights Complaint the best of my knowledge attaching Exhibit

2    in digital disc.  I declare under penalty of perjury that the foregoing is true and correct. Executed on

3    April 20, 2015, in San Jose, California.

4

5                                                    MIGUEL ILAW
                                                     Pro Se Plaintiff
6                                                    932 Pershing Avenue
                                                     San Jose, CA 95126
7                                                    Tel: 408.402.2987
                                                     Email: miguelilaw@gmail.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



AO 91 (Rev 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia   ▼

| | |
|---|---|
| United States of America | ) |
| v | ) |
| | )   Case No |
| LUCY H. KOH | ) |
| | ) |
| LITTLER MENDELSON PC | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   FEBRUARY 6, 2012   in the county of   SANTA CLARA   in the NORTHERN   District of   CALIFORNIA   , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| TITLE 18 UNITED STATES CODE | |
| | |
| SECTION 241 | CONSPIRACY AGAINST RIGHTS |
| SECTION 242 | DEPRIVATION OF RIGHTS |
| SECTION 1503 | INFLUENCING FEDERAL OFFICER |
| SECTION 1512 | OBSTRUCTION OF JUSTICE BY PERSUASION |

This criminal complaint is based on these facts

IMPAIRMENT OF PROTECTED RIGHTS UNDER COLOR OF STATE LAW IN JUDICIAL PROCEEDING.
SEE ALSO, CRIMINAL COMPLAINT FILED APRIL 20, 2015
        CIVIL RIGHTS COMPLAINT FILED APRIL 20, 2015
        AFFIDAVIT APRIL 20, 2015,  ATTACHED

☑ Continued on the attached sheet.

*Complainant's signature*

MIGUEL ILAW
*Printed name and title*

Sworn to before me and signed in my presence

Date

*Judge's signature*

City and state

*Printed name and title*

### AFFIDAVIT OF MIGUEL ILAW

IN THE DISTRICT OF COLUMBIA, UNITED STATES DISTRICT COURT,

I, MIGUEL ILAW, an individual, depose and state:

1. I am a person and resident of the State of California, Unites States of America.

2. I have engaged and participated in judicial proceedings within the United States jurisdiction in good faith.

3. I verified all material facts in this criminal complaint.

4. This affidavit is submitted in support of a *Criminal Complaint* ('Complaint') charging United States District Court , Northern California District, San Jose Division, Official and Personal Capacity, District Judge Lucy H. Koh, and Corporate Defense Law Firm, Littler Mendelson, P.C. with
   (1) Unlawful conspiracy to deprive a person of civil rights;
   (2) Unlawful conspiracy to obstruct justice; and
   (3) Crime involving moral turpitude.

5. This affidavit is based upon my failure in pursuing corrective action and redress under the First Amendment of the United States Constitution (Constitution) from February 6, 2012 to August 18, 2014.

6. I notified and petitioned for relief with the following administrative and judicial branches of state and federal government: (1) Sixth District Appellate Court of California (2) Supreme Court of California (3) The State Bar of California     (4) State Attorney General Office (5) United States District Court, San Francisco, Northern California District and (6) Ninth Circuit United States Court of Appeals.

7. The Complaint is based on Due Process Clause of the Fourteenth Amendment of the Constitution, and The Civil Rights Act of 1964, Title V, Title VII and Title   IX and The Civil Rights Act of 1991, Title I.

8. The heart of the Complaint is impairment under color of State law; and obstruction of justice by persuasion and deception when Defendants knowingly impeded a material fact, *Second* Notice of Right To Sue.

9.   **THE CONSPIRACY ACT**

'Mooting The Material Fact'[1]

Pro Se Plaintiff

1.   Moved about a material fact on October 2011.
2.   For November 2011 calendar.

Littler, in opposition pleading, corruptly and knowingly

3.   Persuades Koh that the motion is unnecessary.
4.   Concealed the material fact.

Koh's Order, February 2012

5.   Dismissed SAC against Daughters of Charity.
6.   Footnoted and 'mooted' the material fact.
7.   Concealed the material fact.

Littler and Koh, corruptly and knowingly

8.   Concealed the material fact.
9.   Impeded the material fact.
10.   Discriminated the Plaintiff as indigent pro se class ethnic male litigant.
11.   Denied pro se his guaranteed rights under Equal Protection Clause.
12.   Denied pro se his guaranteed rights under Due Process Clause.
13.   Successfully defeated a pro se litigant.
14.   Successfully impeded due administration of justice.

[1] Document: *Second* Notice of Right To Sue

**CONCLUSION**

10. This affidavit attaches *Criminal Complaint* filed simultaneously on April 20, 2015 under Fed.R.Civ.P.Rule 7(a).

11. I respectfully request the Court to issue a complaint charging Lucy H. Koh and Littler Mendelson PC with such crimes.

12. I declare under penalty of perjury that the foregoing is true and correct the best of my knowledge. Executed on April 20, 2015, in San Jose, California.

MIGUEL ILAW
932 Pershing Avenue
San Jose, CA 95126
Tel: 408.402.2987
EMAIL: miguelilaw@gmail.com

1    MIGUEL ILAW
     Pro Se Plaintiff
2    932 Pershing Avenue
     San Jose, CA 95126
3    408.402.2987
     Email: miguelilaw@gmail.com
4

5              **UNITED STATES DISTRICT COURT**

6                **THE DISTRICT OF COLUMBIA**

7

8

9    MIGUEL ILAW,                          Case No. _____

10        *Plaintiff,*

11                                         **CRIMINAL COMPLAINT**

12   *vs.*                                 Title 18 United States Code

13   LUCY H. KOH; and                      Chapter 13 –  Civil Rights
     LITTLER MENDELSON, P.C.                             Section 241
14                                                       Section 242

15        *Defendants.*                    Chapter 73 –  Obstruction of Justice
                                                         Section 1503
16                                                       Section 1512

17                                         Cal. Penal Code 92 – Bribery

18

19

20

21

22             This *Criminal Complaint* supplements *Civil Rights*
               *Complaint* filed simultaneously on April 20, 2015, in
23             the US District Court, The District of Columbia.

24

25

26

27

28

1

2

## NATURE OF THE CASE

3

4

PREVERTED

"I can easily conceive cases in which judicial opportunity might be so perverted and abused for the purpose of injustices as that, on sound principles, the authors of such wrong ought to be responsible to the parties wronged." *Pierson,* at 566.

5

6

"KANGAROO COURT"
*Pierson et al v. Ray et al,* 386 US 547 (1967)
Justice William O. Douglas, 1939-1975
Plaintiff's Opening Brief at 35
Exhibit Q, April 18, 2014
Ninth Circuit Appeal – No. 14-15131

7

8

9

10

UNFAIR PLAY

11

A party to a civil proceeding should not be expected to bear the risk that a lawyer and a judge — as officers of the court — will be willing participants in the alleged obstruction of justice in judicial proceeding. Various ethics rules enlist lawyers and judges in the attempt to make the legal process fair. The preamble of The State Bar Act of California in accordance with American Bar Association Model Rules of Professional Conduct; and The Canon for United States Judges' Code of Conduct prohibit mere appearance of impropriety. And quoting Justice Anthony M. Kennedy, 'in extraordinary situation where 'given the serious risk of actual bias, the Due Process Clause required the recusal,' *Caperton v. A.T. Massey Coal Company,* 129 S.Ct. 2252 (2009).

12

13

14

15

16

17

18

19

IS UNCONSTITUTIONAL.

'Because  § 1985(3) reaches private conspiracies to deprive others of legal rights can, of itself, cause no doubts of its constitutionality. It has long been settled that 18 U.S.C. § 241, a criminal statute of far broader phrasing reaches wholly private conspiracies and is constitutional.' *Griffin v. Breckenridge*, 403 U.S. 88, 104 (1971).

20

21

22

Justice Potter Stewart, 1915-1985
Plaintiff's Opening Brief at 34
Exhibit Q, April 18, 2014
Ninth Circuit Appeal – No. 14-15131

23

24

25

26

27

28

## JURISDICTION

**18 U.S. Code § 3231**

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Title 18 U.S. Code Chapter 13 – Civil Rights Sections 241-242.  Chapter 73 – Obstruction of Justice. Sections 1503 and 1512.

**18 U.S. Code § 3240**

Creation of new district or division. Whenever any new district or division is established, or any county or territory is transferred from one district or division to another district or division, prosecutions for offenses committed within such district, division, county, or territory prior to such transfer, shall be commenced and proceeded with the same as if such new district or division had not been created, or such county or territory had not been transferred, unless the court, upon the application of the defendant, shall order the case to be removed to the new district or division for trial.

**18 U.S. Code § 3234**

Change of venue to another district - Plaintiff attaches *Motion for Disqualification of Ninth Circuit Courts* in support.

## THE PARTIES

1. Plaintiff is Miguel Ilaw, an indigent individual proceeding pro se in the interest of the public.

2. Defendants are:

    i]     Lucy H. Koh ("Koh")
        280 South First Street, Suite 2112 San Jose, CA 95113
        a.     Official Capacity
        b.     Personal Capacity

    ii]     Littler Mendelson, a Professional Corporation ("Littler")
        Robert A. Domingues, Chief Operating Officer
        650 California Street, 20th Floor San Francisco, CA 94108

## FACTUAL ALLEGATION

1. In 2008-2010, the following are State Actors in the State of California, Santa Clara County Superior Court:

   i)     Catherine A. Gallagher, *Presiding Judge*

   ii)    Lucy H. Koh, *Associate Judge*

   iii)   Patricia M. Lucas, *Associate Judge*

   iv)    Christopher C. Cobey, *Temporary Judge & Littler Shareholder*

2. On February 11, 2010, in Senate Judiciary Committee Hearing, Washington D.C., Koh was quoted:

   > 'Minority judges still need to maintain the "disguise of objectivity" or else face challenges to their decision.'

3. On February 11, 2010, after Koh's confirmation. US Senator Barbara Boxer issued a press statement:

   > 'According to Santa Clara County Superior Court Presiding Judge Catherine Gallagher, Judge Koh is universally held in high esteem and well-liked.   She has a reputation for being prepared, thoughtful, intellectually honest, and fair. She has demonstrated exemplary judicial temperament.'

### TITLE VII
### CIVIL RIGHTS ACT OF 1964

4. On September 14, 2010, Plaintiff's employment was terminated by Daughters of Charity Health System, Incorporated ('Daughters of Charity') and its affiliated companies, Caritas Business Services ('Caritas') and O'Connor Hospital after alleging Title VII discrimination employment practices on August 03, 2010.

//

*First* **Title VII Notice of Right To Sue**

5.  Plaintiff obtained his *first* Notice on October 20, 2010 from Equal Employment Opportunity Commission.

6.  First-time plaintiff believes that he has a prima facie Title VII gender discrimination case.

7.  Plaintiff hired Attorney David Kornbluh for legal representation on October 21, 2010.

## STATE ACTION

8.  Kornbluh filed Santa Clara County Superior Court state action on November 05, 2010.

9.  Plaintiff demanded jury trial.

10. Littler Shareholder Joshua Feldman represented defendant employers.

## BRIBERY

11. In private litigation, Littler bought Plaintiff's liberty by bribing Judge Catharine Gallagher and Kornbluh to terminate the state action with violation of local civil rules in alternative dispute resolution on March 25, 2011.

    "It is cheaper for people who can afford to buy a judge because you're not having your attorney sitting around for two or three hours waiting for a hearing to be held . . . you'd have to pay for that time." July 21, 2011 New York Times, Judge Gallagher.

12. Plaintiff dismissed the state action without prejudice, terminated Kornbluh for betrayal and proceeded to federal district court as pro se class.

//

**FEDERAL TITLE VII ACTION ~ USDC SAN JOSE**

13.   **JUNE 7, 2011** – under Judge Paul Grewal

14.   Plaintiff alleged State Action and mediation in Second Amended Complaint quoting Gallagher as neutral mediator.

15.   Littler Shareholders Feldman and Karin Cogbill represented the defendant employers, Daughters of Charity, disputing first notice of right to sue as time-barred.

---

**PERSONAL, EXECTIVE AND ADMINISTRATIVE ACT**

16.   **JULY 6, 2011**

17.   Koh took over the case with intent to defeat due course of justice.

**STATUTORY RECUSAL***

18.   Plaintiff claims Due Process Clause requires statutory recusal.
When Koh is a professional ally of Gallagher and Littler,
self-recusal is warranted.

*28 U.S.C. Section 455(a) provides that '[a]ny justice, judge, or magistrate judge of the United States shall  disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'

**CANON DISQUALIFICATION**

19.   Plaintiff claims judicial ethics violation, Canon 3(C) rule for disqualification when Koh is a professional ally of Gallagher and Littler.

//

**OCTOBER 4, 2011**
~ SECOND AMENDED COMPLAINT

    20.    Plaintiff submitted his Title VII second amended complaint (SAC) describing private litigation with Littler and Gallagher.

**OCTOBER 20, 2011**
~ *Second* Title VII Notice of Right To Sue

    21.    Plaintiff received his Title VII *Second* Notice <u>against Daughters of Charity</u> from Equal Employment Opportunity Commission.

**OCTOBER 24, 2011**
~ PLAINTIFF'S MOTION ABOUT SECOND NOTICE

    22.    Plaintff moved to shorten time about the *Second* Notice – requesting calendar date status conference in November 2011.

**OCTOBER 26, 2011**
~ LITTLER OPPOSITION ABOUT PLAINTIFF'S MOTION

    23.    Littler Shareholder Karin Cogbill:

'On October 24, 2011, Plaintiff filed a Motion to Shorten Time requesting that the Court schedule a Status Conference for a date in November.  Defendants would request that such conference **not** be scheduled until after the hearing on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint which is set for February 4, 2012.

The pending motion to dismiss requests that the Court dismiss Plaintiff's Second Amended Complaint without leave to amend.  If granted, this case will be dismissed in its entirety and scheduling conference would be **unnecessary**.'

**FEBRUARY 6, 2012**
~ THE ORDER
~ Case No. 11-02752-KOH

    24.    Koh dismissed Plaintiff's SAC <u>against Daughters of Charity.</u>

    25.    Koh footnoted and MOOTED the motion about *Second* Notice.

    26.    The entire ORDER is silent about *Second* Notice, concealing a material fact.

    27.    Koh and Littler impeded the *Second* Notice.

    28.    Koh and Littler succeeded to defeat due course and administration of justice.

29.   **JUDICIAL IMMUNITY IS NOT ABSOLUTE**.

PURPOSE:  The Doctrine of Judicial Immunity serves to assure independent judicial decision-making. *Pierson v. Ray,* 386 U.S. 547, 554 (1967).  Its authority, *Stump v. Sparkman,* 435 U.S. 349 (1978), held that a judge will remain absolutely immune from a damage suit if the act he performed was a 'judicial' act.   Id. At 360

Stump 2-Factor Test ['Judicial Act']  *Id.* At 362

1.  'Nature' of the Act:              Whether the 'Act' is a function normally performed by a judge.

2.  'Expectations' of the parties:      Impartiality.

---

### STUMP ⸗ KOH TEST

1.      <u>Nature</u> – Under this factor it is important to look to the character of the act, not the character of the actor. *Ex parte Virginia*, 100 U.S. 339, 348 (1879)

|  | |
|---|---|
| Personal, Administrative, Executive Act | ¶ 16 |
| Personal knowledge of State Mediation | ¶ 14 |
| Mooting *Second* Notice of Right To Sue | ¶ 25 |

2.      <u>Expectation</u> – Impartiality.

### KOH + LITTLER

|  | |
|---|---|
| Meeting of the Minds | ¶ 23  ¶ 25 |
| Conspiratorial Objective | ¶ 24 |

---

//

## 30.   THE CONSPIRACY ACT

'Mooting The Material Fact'[1]

Pro Se Plaintiff

1.    Moved about a material fact on October 2011.

2.    For November 2011 calendar.


Littler, in opposition pleading, corruptly and knowingly

3.    Persuades Koh that the motion is unnecessary.

4.    Concealed the material fact.


Koh's Order, February 2012

5.    Dismissed SAC against Daughters of Charity.

6.    Footnoted and 'mooted' the material fact.

7.    Concealed the material fact.


Littler and Koh, corruptly and knowingly

8.    Concealed the material fact.

9.    Impeded the material fact.

10.   Discriminated the Plaintiff as indigent pro se class ethnic male litigant.

11.   Denied pro se his guaranteed rights under Equal Protection Clause.

12.   Denied pro se his guaranteed rights under Due Process Clause.

13.   Successfully defeated a pro se litigant.

14.   Successfully impeded due administration of justice.


[1] Document: *Second* Notice of Right To Sue

1       TITLE 18 U.S. CRIMES

2
31. COUNT 1.
3               18 U.S. Code § 241
                § 241 - Conspiracy against rights
4

5
32. COUNT 2
6               18 U.S. Code § 242
7               § 242 - Deprivation of rights under color of law

8

9
33. COUNT 3
10              18 U.S.C. § 1503
                § 1503(a) - Influencing federal officer generally
11

12
34. COUNT 4
13              18 U.S.C. § 1512
                § 1512(b) - Obstruction by persuasion or deception
14

15      and

16
35. COUNT 5
17              California Penal Code Section 92
                Bribery
18              Aggravated Felony
19              Crime Involving Moral Turpitude

20
                Section 92
21                      Every person who gives or offers to give a bribe to any judicial officer,
22              juror, referee, arbitrator, or umpire, or to any person who may be authorized
                by law to hear or determine any question or controversy, with intent to
23              influence his vote, opinion, or decision upon any matter or question which is
24              or may be brought before him for decision, is punishable by imprisonment in
                the state prison for two, three or four years.
25
26      //

27

28

1    **WHEREFORE**, here in The United States District Court, The District of Columbia, the

2    Plaintiff respectfully requests as follows:

3
4    36.    For declaratory judgment.

5    37.    For conviction on each count.

6           ①      Lucy H. Koh, Official Capacity

7                  18 U.S. Code § 241
                   18 U.S. Code § 242
8                  18 U.S. Code § 1503(a)
9                  18 U.S. Code § 1512(b)

10          ②      Lucy H. Koh, Personal Capacity

11                 18 U.S. Code § 241
                   18 U.S. Code § 242
12                 18 U.S. Code § 1503(a)
13                 18 U.S. Code § 1512(b)

14          ③      Littler Mendelson, P.C.
15
16                 18 U.S. Code § 241
                   18 U.S. Code § 242
17                 18 U.S. Code § 1503(a)
                   18 U.S. Code § 1512(b)
18                 California Penal Code 92

19   38.    For appropriate punishment, fine or imprisonment, or both.
20
21   39.    For disbarment of identified Littler Professionals.

22                         Robert A. Domingues, Chief Operating Officer
                           Christopher Cobey, Shareholder
23                         Karin Cobill, Shareholder
                           Joshua Feldman, Shareholder
24
25   40.    For applicable attorney's fees pursuant to 42 U.S.C. Section 1988.

26   41.    Plaintiff invokes Seventh Amendment pursuant to F.R.Civ.P. 38(b).

27   42.    Indigent Plaintiff applies for Court appointed representation under Local Rule 83.10(a).

28

1        This *Criminal Complaint* is supplemented with an *Affidavit* and *Civil Rights Complaint* filed

2    simultaneously in support.   I wrote and verified this *Criminal Complaint* the best of my knowledge.

3    I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2015

4    in San Jose, California.

5                    *Miguel Milaw*

                MIGUEL ILAW

6                    Pro Se Plaintiff

                932 Pershing Avenue

7                    San Jose, CA 95126

                Tel: 408.402.2987

8                    Email: miguelilaw@gmail.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28