**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIGUEL ILAW, <br><br>    Plaintiff, <br><br>      v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br>    Defendants. | **Civil Action No. 15-609 (CKK)** |

**ORDER**
(July 10, 2015)

Presently before the Court is *pro se* Plaintiff's [6] Motion for Disqualification of Ninth Circuit Courts. In his Motion, Plaintiff purports to move for "disqualification of entire Ninth Circuit U.S. Courts" apparently because Plaintiff has "named its member as Defendant, District Court Judge Lucy H. Koh" in his Complaint. Pl.'s Mot., at 5. Plaintiff invokes 28 U.S.C. §§ 455(a) and (b), which requires the disqualification of a judge from a proceeding "in which his impartiality might reasonably be questioned" or in which one or more of five enumerated circumstances arises that could threaten the judge's impartiality. Plaintiff also invokes 28 U.S.C. § 47, which provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." Plaintiff appears to argue that "the entire Ninth Circuit Courts" should be disqualified in "further litigation" because "the appearance of bias and prejudice of all the judges are obvious and in effect when one of its members is a defendant-respondent (Koh)." Pl.'s Mot., at 8.

The Court is perplexed about the nature of Plaintiff's Motion. Plaintiff's present case—the case in which Plaintiff filed this motion for disqualification—is being heard by a District of

Columbia District Court, not a court of the Ninth Circuit.  No judge from the Ninth Circuit is in

any way presiding over this case, only a judge of the District of Columbia District Court.

Accordingly, any alleged bias against Plaintiff on the part of the Ninth Circuit courts is entirely

irrelevant to the proceeding before this Court and does not affect the impartiality of this

proceeding.  If Plaintiff's Motion should be read as making a complaint against the Ninth Circuit

courts (other than Judge Koh), such a complaint is misplaced because it relates to parties not before

the Court in the present action.  Finally, to the extent Plaintiff is seeking to have this Court

disqualify all Ninth Circuit courts from presiding over "further litigation" Plaintiff may bring or is

bringing against Defendant Koh before a judge of the Ninth Circuit, the Court does not have any

jurisdiction over another court and its actions.  *See Flemings v. United States*, 847 F.Supp. 170,

172 (D.D.C. 1994), *aff'd* 1994 WL 474995 (D.C. Cir. 1994) (explaining that District of Columbia

District Court did not have subject matter jurisdiction to review a decision by the Fourth Circuit

Court of Appeals.).  Accordingly, the Court hereby DENIES Plaintiff's [6] Motion for

Disqualification of Ninth Circuit Courts.

     **SO ORDERED**.

                              */s/*
                           **COLLEEN KOLLAR-KOTELLY**
                           UNITED STATES DISTRICT JUDGE