UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIGUEL ILAW,<br><br>    Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | Civil Action No. 15-609 (CKK) |

ORDER
(July 10, 2015)

Presently before the Court is Plaintiff's [18] Motion for Criminal Contempt of Court Against Defendant Lucy H. Koh.  Plaintiff moves the Court to hold Defendant Koh in criminal contempt for Defendant Koh's alleged "acts of persistent intimidation."  Pl.'s Mot., at 1.  Specifically, Plaintiff alleges that Defendant Koh used the United States Marshal Service to "intimidate" Plaintiff after Plaintiff's private process server served Defendant Koh at her home.  *Id.* at 9.  Plaintiff invokes criminal contempt statute 18 U.S.C. § 401, which provides that

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, *such contempt of its authority, and none other*, as –
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401 (emphasis added).  Plaintiff also invokes § 402, which provides that

> Any person, corporation or association willfully disobeying any *lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia*, by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt…

*Id.* § 402 (emphasis added).  As none of Defendant Koh's alleged acts involve the disobedience of an order of this Court or this Court's authority, or misbehavior by an officer of this Court or "any person in [this Court's] presence or so near thereto as to obstruct the administration of justice" there is no basis for a criminal contempt citation.  Accordingly, the Court hereby DENIES Plaintiff's [18] Motion for Criminal Contempt of Court Against Defendant Lucy H. Koh.

      **SO ORDERED**.

                                                               */s/*
                                      **COLLEEN KOLLAR-KOTELLY**
                                      UNITED STATES DISTRICT JUDGE