UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIGUEL ILAW,

   Plaintiff,

   v.

DEPARTMENT OF JUSTICE, *et al.*,

   Defendants.

Civil Action No. 15-609 (CKK)

MEMORANDUM OPINION
(July 10, 2015)

Plaintiff Miguel Ilaw, proceeding *pro se*, filed suit against the United States Department of Justice, District Court Judge Lucy H. Koh, and Littler Mendelson, P.C., bringing several claims against Defendants for their actions related to an employment discrimination case brought by Plaintiff in a Ninth Circuit district court. On June 3, 2015, Plaintiff moved the Court to enter default against Defendant Littler Mendelson, which the Clerk of Court entered on June 4, 2015. Presently before the Court is Defendant Littler Mendelson's ("Littler") Motion to Vacate Clerk's Entry of Default. Also before the Court is Plaintiff's Application for Second Entry of Default Against Defendant Littler Mendelson, Plaintiff's Motion for Default Judgment Against Littler Mendelson, and Plaintiff's Motion for Leave to File Supplemental Pleading Against Defendant Littler Mendelson. Upon consideration of the pleadings,[1] the relevant legal authorities, and the

---

[1] Defendant's Motion to Vacate Clerk's Entry of Default ("Def.'s Mot. to Vacate"), ECF No. [12]; Plaintiff's Opposition to Defendant's Motion to Vacate Clerk's Entry of Default ("Pl.'s Opp'n"), ECF No. [23]; Defendant's Reply to Opposition to Motion to Vacate Clerk's Entry of Default ("Def.'s Reply"), ECF No. [25]; Plaintiff's Motion for Default Judgment ("Pl.'s Mot. for Def. J."), ECF No. [26]; Plaintiff's Application for Second Entry of Default Against Defendant Littler Mendelson ("Pl.'s Sec. App. for Default"), ECF No. [28]; Pl.'s Mot. for Leave to File Supp. Pleading Against Def. Littler Mendelson ("Pl.'s Mot. for Leave to File"), ECF No. [34].

record for purposes of these motions, the Court shall GRANT Defendant's Motion to Vacate, DENY Plaintiff's Application for Second Entry of Default, DENY as MOOT Plaintiff's Motion for Default Judgment, and GRANT Plaintiff's Motion for Leave to File Supplemental Pleading for the reasons stated herein.

## I. BACKGROUND

Plaintiff filed suit against the three Defendants in this case on April 21, 2015.[2] On April 24, 2015, Kenneth O'Brien, a Shareholder and Associate General Counsel for Defendant Littler, received from Plaintiff a Notice of Lawsuit and Request to Waive Service of Summons, which had been sent via first-class mail to Littler's Chief Operating Officer, Robert Domingues. Defs.' Ex. 1, Declaration of Kenneth R. O'Brien ("O'Brien Decl."), ¶ 5. Mr. O'Brien sent a letter to Plaintiff the same day indicating that Littler would not waive service of process by summons. *Id.*, Ex. 1(C).

On April 30, 2015, Plaintiff attempted to serve all Defendants by sending the Complaint and Summons via Federal Express. *See* Return of Service Affidavit, ECF No. [9]. The Federal Express package sent to Defendant Littler was addressed to Mr. Domingues and was signed for by Geo Niespolo, a mailroom clerk who, Defendant contends, is not authorized to accept service of process. O'Brien Decl. ¶ 9. Mr. O'Brien claims that he did not receive any documents purporting to constitute service on or about April 30, 2015. *Id.* ¶ 6.

On May 26, 2015, Plaintiff emailed Mr. O'Brien stating that he "was not served with any answer to [his] federal action against [Defendant's] business law firm, served on April 30, 2015." *Id.* ¶ 7, Ex. 1(D). Mr. O'Brien responded to Plaintiff the same day, stating that Plaintiff had "not

---

[2] On July 10, 2015, the Court granted Plaintiff's voluntarily dismissal of Defendant Department of Justice and Defendant Lucy H. Koh in her official capacity from this lawsuit. *See* Minute Order (July 10, 2015).

made proper service" and inviting Plaintiff to call Mr. O'Brien to "speak about service issues." *Id.* On June 1, 2015, an individual hand-delivered a copy of the Summons and Complaint and other court filings to a legal assistant in Mr. O'Brien's office. *Id.* ¶ 8. Included in the documents received on June 1, 2015, was a document titled "Proof of Service" stating that service was made on Defendant Littler via Federal Express on April 30, 2015, and signed for by Mr. Niespolo. *Id.* ¶ 9. Mr. O'Brien claims this was the first time he became aware of any attempt to service process in this action. *Id.* The same day, Mr. O'Brien informed Plaintiff that Littler had received the Complaint and Summons and would "file a timely response as required by law," which Defendant calculated to be due by June 22, 2015. *Id.* ¶ 8. Plaintiff has not filed Proof of Service with the Court as to the June 1, 2015, service.

On May 28, 2015, Plaintiff alleges to have again served Defendant Littler by delivering the Complaint and Summons to Angelina Chong, the mailroom coordinator whom, the process server claims, "gained authorization to accept the documents on [Mr. Domingues'] behalf." Pl.'s Opp'n, Ex. 101. Mr. O'Brien apparently received the May 28, 2015, service documents on June 2, 2015, via inter-office mail and assumed that "the duplicate documents and disk he received on June 2 were from another improper service attempt." Def.'s Reply, at 5.

On June 3, 2015, Plaintiff filed an Application for Entry of Default Against Defendant Littler Mendelson on the basis that Defendant had failed to file a timely response to Plaintiff's Complaint and Summons served on Defendant on April 30, 2015. *See* Pl.'s Application for Entry of Default Against Defendant Littler Mendelson, ECF No. [10]. The Clerk of Court entered default against Defendant Littler on June 4, 2015. *See* Clerk's Entry of Default, ECF No. [11]. On June 10, 2015, Defendant Littler moved to vacate the Clerk's entry of default and on June 22, 2015, Defendant filed its Motion to Dismiss. Plaintiff subsequently filed an Opposition to Defendant's

Motion to Vacate and Defendant filed a Reply. Accordingly, Defendant's Motion to Vacate Clerk's Entry of Default is now ripe for the Court's review.

In addition, Plaintiff filed an Opposition to Defendant's Motion to Dismiss, an Application for Second Entry of Default Against Defendant Littler Mendelson based on Plaintiff's May 28, 2015, service of process, a Motion for Defaulat Judgment, and a Motion for Leave to File Supplemental Pleading. As all of these filings revolve around the same set of procedural facts and legal questions, the Court will address all of the parties' above-listed filings in this Memorandum Opinion.

## II. LEGAL STANDARD

"Default judgments are generally disfavored by courts, because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.,* 288 F.Supp.2d 22, 25 (D.D.C. 2003). Pursuant to Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." Fed .R. Civ. P. 55(c). "Though the decision [to set aside an entry of default] lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted). "On a motion for relief from the entry of a default or a default judgment, all doubts are resolved in favor of the party seeking relief." *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980).

## III. DISCUSSION

Defendant moves the Court to vacate the Clerk's entry of default on the basis that Plaintiff did not properly serve Defendant on April 30, 2015, and that Defendant filed a timely responsive

4

pleading to the only service Plaintiff clearly and properly effectuated on Defendant. The Court agrees that the Clerk's entry of default against Defendant Littler must be vacated.

First, Plaintiff's April 30, 2015, attempt to serve Defendant Littler was defective. Pursuant to Federal Rule of Civil Procedure 4(h) a corporation must be served

>(1)(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

Federal Rule of Civil Procedure 4(e) permits service by

>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>(2) doing any of the following:
>
>(A) delivering a copy of the summons and of the complaint to the individual personally;
>
>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

As this action was brought in the District of Columbia and service was attempted at Defendant Littler's offices in California, the Court must also consider the law for service in both of those jurisdictions. *See* Fed. R. Civ. P. 4(e)(1); 4(h)(1)(A). The District of Columbia Superior Court Rules of Civil Procedure largely mirror the Federal Rules of Civil Procedure, but also permit service on a corporation "by mailing a copy of the summons, complaint, and initial order to the person to be served by registered or certified mail, return receipt requested," Sup. R. Civ. P. 4(c)(3), and by "mailing a copy of the summons, complaint, and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid,

addressed to the sender," Sup. R. Civ. P. 4(c)(4).

California law generally provides that service must be effectuated by delivering a copy of the complaint and summons to an individual personally, *see* Cal. Code Civ. P. 415.10; however, a summons and complaint may be served by mail if they are "mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender," Cal. Code Civ. P. 415.30.  California law sets forth four categories of individuals through whom a corporation may validly be served:  (1) the person designated as agent for service of process; (2) enumerated officers and other authorized agents of the corporation; (3) a cashier or assistant cashier if the corporation is a bank; and (4) in certain circumstances, the Secretary of State as provided in Corporations Code section 1702.  Cal. Code Civ. P. 416.10.

Here, Plaintiff attempted service on April 30, 2015, by sending a copy of the Complaint and Summons to Defendant Littler via Federal Express.  Plaintiff argues in his Opposition that mailing service via Federal Express constitutes "delivering" the Summons and Complaint to Defendant in compliance with Federal Rule of Civil Procedure 4(h); however, "deliver" in this context does not include service by mail. *See Paul v. Didizian*, 292 F.R.D. 151, 155 (D.D.C. 2013) (explaining that the plaintiff's attempt to mail a copy of the complaint to the defendant is "insufficient" to meet the requirements of the Federal Rules of Civil Procedure, "which requires the copy to be 'deliver[ed]' and not mailed."); *United Prod. Solutions, Ltd. v. Tara Toy Corp.*, No. 10-cv-01718, 2011 WL 3566849, at *2 (D. Oh. Aug. 12, 2011) ("The term 'deliver' in this context does not include service by mail.").  Moreover, while District of Columbia and California law permit service by mail in certain circumstances, Plaintiff has not alleged or provided any proof to the Court that when he sent the Complaint and Summons via mail he included two copies of the

notice and acknowledgment form or a return enveloped as required by District of Columbia Superior Court Rule of Civil Procedure 4(c)(4) and California Code of Civil Procedure 415.30.

It is unclear whether service via Federal Express with an affidavit from Plaintiff attesting that the Federal Express package was signed for by an identified individual complies with District of Columbia Superior Court Rule of Civil Procedure 4(c)(3) permitting service by "registered or certified mail, *return receipt requested.*" *See Seldon v. Home Loan Services*, No. 07-4480, 2009 WL 188015, *2 (E.D. Pa. Jan. 26, 2009) (finding service by Federal Express was not proper when Plaintiff provided only Federal Express mailing labels, not signed receipts from Defendant confirming delivery and acceptance). What is clear, however, is that the Federal Express package containing the Complaint and Summons was signed for by Mr. Niespolo who is not an officer of Defendant or an agent authorized to accept service on behalf of Defendant Littler.[3] Accordingly, service was not proper under either Federal, District of Columbia, or California law. As service was not properly effected on Defendant Littler on April 30, 2015, default against Defendant is not

---

[3] Plaintiff contends that Mr. Niespolo, as an "agent" or "employee," has "a common duty, responsibility and obligation to process services in good faith as part of internal procedures in the business of litigation and legal profession." Pl.'s Opp'n, at 7. Plaintiff cites no authority for the source of this alleged "duty." Accordingly, the Court maintains that service on Mr. Niespolo did not effectuate proper service. *See Norris v. Dist. of Columbia Gov't., et al*, No. 05-1122, 2008 WL 7994986, *8 (D.D.C. Aug. 1, 2008), *Report and Recommendation adopted*, 2008 WL 7994985 (Sept. 12, 2008) (finding service of process invalid where Plaintiff mailed the complaint to the defendant and argued, with "no citation of authority," that it was "the duty of the mail room employee [who received service] to alert others if a lawsuit has been filed"); *see also Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (explaining that it is "established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's office[ ] but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process"); *Larry M. Rosen & Assoc., Inc. v. Hurwitz,* 465 A.2d 1114, 1117 (D.C. 1983) (finding service of process invalid when complaint and summons were sent by registered mail to corporate address and opened by receptionist authorized to open letters addressed to appellants, even though receptionist allegedly delivered a copy of summons and complaint to appellants).

appropriate since the Clerk entered default on the basis that Defendant had failed to respond to Plaintiff's Complaint after the April 30, 2015, service attempt. *See Scott v. District of Columbia*, 598 F.Supp. 2d 30, 36 (D.D.C. 2009) ("[d]efault cannot be entered where there was insufficient service of process."); *Koerner v. United States,* 246 F.R.D. 45, 47 (D.D.C. 2007) (finding good cause to vacate the entry of default because the plaintiff erred in effecting service on the Government and the Government thus had no obligation to file an Answer); *Baade v. Price,* 175 F.R.D. 403, 406 (D.D.C. 1997) (setting aside Clerk's entry of default where the defendant was not properly served).

In addition, the Court finds that there is good cause to set aside the default because Defendant filed a Motion to Dismiss in response to Plaintiff's Complaint on June 22, 2015. It is undisputed that Plaintiff properly served Defendant on June 1, 2015. Accordingly, Defendant's June 22, 2015, Motion to Dismiss was filed within the 21 days permitted by Federal Rule of Civil Procedure 12(a)(1)(A) for filing a pleading responsive to a complaint. Plaintiff contends in his Opposition to Defendant's Motion to Vacate Clerk's Entry of Default that Defendant's Motion to Dismiss was actually two days late because Plaintiff also served Defendant on May 28, 2015. Plaintiff submitted proof of this service with his Opposition to Defendant's Motion to vacate. *See* Pl.'s Opp'n, Ex. 101. Defendant does not directly challenge Plaintiff's assertion that Plaintiff properly served Defendant on May 28, 2015. *See* Def.'s Reply, at 5 ("After reviewing the process server's information, Littler does not dispute the facts provided, and it appears that these materials arrived via inter-office mail for Mr. O'Brien on June 2."). Accordingly, Defendant's Motion to Dismiss was filed with the Court two days late.

However, the Court finds that Defendant has provided a valid reason for this brief delay. Notably, Defendant explains that in the confusion of Plaintiff's multiple proper and improper

service attempts, Defendant believed the June 1, 2015, service to be the only proper and operative service attempt. *See id.* The Court finds Defendant's confusion to be well founded. Mr. O'Brien directly received proper service of the Complaint and Summons from Plaintiff on June 1, 2015. From the additional documents served on Mr. O'Brien on June 1, Mr. O'Brien learned of Plaintiff's April 30, 2015, failed service attempt on mail room clerk Mr. Niespolo. Mr. O'Brien sent Plaintiff an email on June 1, 2015, informing him that Defendant had received service of the Complaint and Summons on June 1, 2015, and would "file a timely response as required by law." O'Brien Decl. ¶ 11. Despite continuing to correspond with Mr. O'Brien via email, Plaintiff did not respond to Mr. O'Brien's June 1 email message to alert Mr. O'Brien of the May 28, 2015, service or to clarify that Mr. O'Brien needed to file a timely response based on the May 28—not June 1— service. On June 2, 2015, Mr. O'Brien received, via inter-office mail, service materials and other documents that had been served on Defendant's mail room coordinator on May 28, 2015, allegedly with the authorization of Mr. Domingues. Given Plaintiff's multiple service attempts on multiple agents and Mr. O'Brien's email confirming to Plaintiff that he had received service on June 1, 2015, Mr. O'Brien "assumed that the duplicate documents . . . he received on June 2 were from another improper service attempt." Def.'s Reply, at 5.

For these reasons, the Court finds Defendant's two-day delay was not willful. The Court also finds that Plaintiff was not prejudiced by this brief, excusable delay, especially in light of the fact that Plaintiff was informed by Defendant on June 1, 2015, that it had received service of process on that date and would be filing a timely response as of that date and Plaintiff did not contest the propriety of that assertion.[4] Accordingly, the Court shall grant Defendant a two-day

---

[4] In Plaintiff's Opposition, Plaintiff claims that he was prejudiced because he "incurred more loans for service fees." Pl.'s Opp'n, at 11. However, the additional service fees Plaintiff

9

extension *nunc pro tunc* and accept Defendant's June 22, 2015, Motion to Dismiss.  Finally, the Court has reviewed Defendant's Motion to Dismiss and finds that Defendant's defenses appear to be potentially meritorious.  *Keegel*, 627 F.2d at 374 (internal citation omitted) ("Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense."). Accordingly, the Court shall vacate the Clerk's June 4, 2015, entry of default and deny Plaintiff's second application for entry of default, which is based on Defendant's two-day delay in responding to Plaintiff's May 28, 2015, service of process.  As the Court shall vacate the entry of default against Defendant, Plaintiff's Motion for Default Judgment is accordingly rendered moot.

Finally, the Court notes that Plaintiff has based its entire opposition to Defendant's Motion to Dismiss on the argument that Defendant's Motion is moot "from failure to plead or otherwise defend on prior May 28, 2015 professional service."  Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. [19], at 1.  As the Court has accepted Defendant's Motion to Dismiss despite the two-day delay for the reasons outlined above, the Court finds it appropriate to permit Plaintiff an opportunity to provide the Court a substantive response to Defendant's Motion to Dismiss.  On July 9, 2015, Plaintiff filed a Motion for Leave to File Supplemental Pleading Against Defendant Littler Mendelson which appears to contain Plaintiff's substantive response to Defendant's Motion to Dismiss.  Accordingly, the Court shall grant Plaintiff's Motion and order the Clerk of Court to file Plaintiff's supplemental pleading on the public docket.  Defendant shall be provided an opportunity to amend its Reply to Plaintiff's Opposition by no later than July 21, 2015.

---

allegedly incurred are not a result of Defendant's two-day delay in responding to Plaintiff's Complaint, but a result of Plaintiff improperly serving Defendant on April 30, 2015, and attempting to properly re-serve Defendant several times thereafter.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate Clerk's Entry of Default is GRANTED. Furthermore, Plaintiff's Application for Second Entry of Default Against Defendant Littler Mendelson is DENIED and Plaintiff's Motion for Default Judgment Against Littler Mendelson is DENIED as MOOT. The Court accepts Defendant's Motion to Dismiss and shall GRANT Plaintiff's Motion for Leave to File Supplemental Pleading Against Defendant Littler Mendelson. Defendant shall file an amended Reply by no later than July 21, 2015.

An appropriate Order accompanies this Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE
