UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIGUEL ILAW,<br><br>    Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | Civil Action No. 15-609 (CKK) |

MEMORANDUM OPINION
(July 16, 2015)

The Court is in receipt of Plaintiff's [22] Application for Reimbursement of Service of Process Fees by Defendant Littler Mendelson ("Littler").  Plaintiff seeks fees on the basis that Defendant Littler failed to comply with Plaintiff's Request to Waive Service, which Plaintiff sent to Defendant in April 2015.  Pl.'s Appl., at 2.  Defendant replied to Plaintiff on April 24, 2015, stating that "[Defendant] will not waive service of a summons in this, or in any other matter, in which you attempt to name Littler Mendelson . . . ."  *Id.*  Plaintiff contends that he is entitled under Federal Rule of Civil Procedure 4(d)(2) to reimbursement of the costs he subsequently incurred in serving Defendant.

> Pursuant to Federal Rule of Civil Procedure 4(d)(2)
>
> If a defendant located within the United States fails, *without good cause*, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2) (emphasis added).  The Court afforded Defendant Littler an opportunity to show good cause for its failure to waive service and Defendant filed an Opposition to Plaintiff's

Motion on July 9, 2015. *See* Def.'s Opp'n, ECF No. [31]. Plaintiff subsequently filed a Reply on July 13, 2015. *See* Pl.'s Reply, ECF No. [41]. Accordingly, Plaintiff's Application is ripe for review.

In opposing Plaintiff's Application, Defendant argues that it has good cause under Rule 4(d)(2) to refuse waiving service because Plaintiff has been labeled a "vexatious litigant" by California courts and because the claims in the instant case are essentially the same claims that were dismissed by a District Court Judge in California for failure to state a claim and labeled by the United States Court of Appeals for the Ninth Circuit as "frivolous." Def.'s Opp'n, at 1-2. Plaintiff disputes that this summary of previous litigation provides good cause to refuse waiving service of process. *See* Pl.'s Reply, at 5.

The Court finds that Defendant's proffered reasons for failing to waive service do not constitute good cause. The Advisory Committee Note on the 1993 Amendment to Federal Rule of Civil Procedure 4(d)(2) explains that "[a] defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare. *It is not a good cause for failure to waive service that the claim is unjust* or that the court lacks jurisdiction." Fed. R. Civ. P. 4(d)(2) Advisory Cmt. Note on 1993 Amdt. (emphasis added). Applying the Advisory Committee's commentary, courts in other jurisdictions have regularly found that frivolous claims do not constitute "good cause" for a defendant to fail to waive service. *See Navigators Ins. Co. v. Christian Bible Baptist Church, Inc.*, No. 4:13-CV-3465, 2014 WL 1689947, at *7 (S.D. Tex. Apr. 28, 2014); *Marcello v. Maine*, 238 F.R.D. 113, 115-116 (D. Me. 2006). Defendant does not cite to any case law—and the Court has found none—to support its contention that a party has "good cause" to not waive service when the complainant is a vexatious litigant or has filed frivolous claims. Accordingly, the Court finds that Defendant has not shown

"good cause" for failing to waive service and is required, pursuant to Rule 4(d), to reimburse Plaintiff for "the expenses later incurred in making service" and "the reasonable expenses . . . of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Plaintiff requests reimbursement of the expenses incurred in his three separate service attempts—first on April 30, then on May 28, and finally, on June 1, 2015—amounting to a total of $192.75.  Defendant argues that if the Court decides to award Plaintiff fees, the Court should only award Plaintiff fees for the latter two service attempts since the April 30, 2015, attempt was defective.  Def.'s Opp'n, at 4.  In its July 10, 2015, Memorandum Opinion granting Defendant Litter's Motion to Vacate Clerk's Entry of Default, the Court detailed its reasons for finding the April 30, 2015, service defective, but the latter two service attempts proper.  *See* Mem. Op. (July 10, 2015), ECF No. [39], at 7-8.  The Court agrees that Plaintiff may not recover the $16.75 in fees Plaintiff has requested for the improper service attempt on April 30, 2015.  The Court finds that Plaintiff may only recover $176 in fees incurred serving Defendant on May 28 and June 1, 2015.

Accordingly, the Court shall grant-in-part and deny-in-part Plaintiff's [22] Application for Reimbursement of Service of Process Fees.  Defendant shall be ordered to reimburse Plaintiff $176.00 for Plaintiff's service of process expenses.  An appropriate Order accompanies this Memorandum Opinion.

                                        */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE