# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIGUEL ILAW,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 15-0609 |
| | ) (CKK) |
| v. | ) |
| | ) |
| **DEPARTMENT OF JUSTICE,** | ) |
| **LUCY H. KOH, and** | ) |
| **LITTLER MENDELSON, P.C.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION TO VACATE OR SET ASIDE THE
## ENTRY OF DEFAULT AGAINST DEFENDANT LUCY H. KOH

### INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Federal Rule of Civil Procedure 55(c), Defendant Lucy H. Koh, United States District Judge for the Northern District of California (hereafter "Judge Koh"), moves that the Clerk's June 11, 2015 Entry of Default against Judge Koh be set aside and vacated, or, alternatively, stricken as void. At the time default was entered, Judge Koh had not "failed to [timely] plead or otherwise defend" against Plaintiff's claims --- as would be necessary to authorize the entry of default under Fed. R. Civ. P. 55(a) --- because her answer was not yet due. Plaintiff's contrary assertion in his affidavit seeking default was based on his incorrect calculation of the deadline for Judge Koh's response to the complaint, which failed to account for Judge Koh's status as a federal official. See Docket Entry 13.

As a federal official sued in her individual capacity, Judge Koh had sixty days to respond, and that sixty-day period began to run when she was personally served with the complaint or when the United States Attorney was served, *whichever is later*. See Fed. R. Civ. P. 12(a)(3)

(emphasis added). Even if Mr. Ilaw's attempt to serve the United States Attorney's Office for the District of Columbia ("USAO-DC") on April 30, 2015 had fully complied with the requirements under Federal Rule of Civil Procedure 4(i) for serving the United States and serving Judge Koh in her individual capacity (and it did not), Judge Koh's response would have been due no earlier than June 29, 2015 (sixty days after April 30th). But Mr. Ilaw's attempt to serve the USAO-DC on April 30, 2015 did not comply with the requirements of Federal Rule of Civil Procedure 4(i)(1)(A), and he did not perfect service on the United States until June 22, 2015, when he sent the complaint and summons to the United States Attorney and Attorney General via certified mail. Consequently, Judge Koh's response to the complaint will be due sixty days thereafter, on August 21, 2015.

Judge Koh also did not miss the deadline for responding to the claims that Mr. Ilaw previously had raised against Judge Koh in her official capacity.[1] As a federal official sued in her official capacity, Judge Koh had sixty days from service upon the United States Attorney to answer or otherwise respond to a complaint. See Fed. R. Civ. P. 12(a)(2). That sixty-day period began to run June 22, 2015, when Mr. Ilaw sent the complaint and summons to the United States Attorney's Office for the District of Columbia ("USAO-DC") via certified mail in accordance with Rule 4(i)(1)(A). As noted, Mr. Ilaw's attempt to serve the USAO-DC on April 30, 2015 did not comply with the requirements of Federal Rule of Civil Procedure 4(i)(1)(A), and thus did not constitute proper service upon the United States as required to commence that sixty-day period.

Given that Judge Koh's answer to the complaint was not yet due as of June 11, 2015, default was entered prematurely and was not authorized by Federal Rule of Civil Procedure

---

[1] Pursuant to Plaintiff's application for voluntary dismissal, the Court dismissed Plaintiff's action against Judge Koh in her official capacity on July 10, 2015. Although Plaintiff no longer pursues the official capacity claims, Judge Koh advocates that the Entry of Default be vacated in its entirety. Accordingly, this motion explains why Judge Koh was not in default on either the individual capacity or official capacity claims when the Clerk entered default against her.

55(a). That constitutes good cause to set aside the Entry of Default pursuant to Federal Rule of Civil Procedure 55(c), and for that reason Judge Koh respectfully requests that the Court vacate the Clerk's Entry of Default. In the alternative, Judge Koh requests that the Entry of Default be stricken as void because the doctrine of absolute judicial immunity deprives the Clerk of jurisdiction to enter default against Judge Koh.

## LEGAL STANDARDS

**Federal Rule Of Civil Procedure 55 (Entry of Default)**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." That entry of default may later be "set aside … for good cause." Fed. R. Civ. P. 55(c); see also Barros v. Gov't Employees Ins. Co., __ F. Supp.3d __, 2015 WL 410623 (D.D.C. 2015).

"The decision to set aside an entry of default rests in the discretion of the district court." Van De Berg v. Social Sec. Admin., 254 F.R.D. 144, 145 (D.D.C. 2008). Typically, a court's "exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." Mohamad v. Rajoub, 634 F.3d 604, 606 (D.C. Cir. 2011); see also Smith v. World Bank Gp., __ F. Supp.3d __, 2015 WL 1806054, *2 (D.D.C. 2015). Although it involves the same factors, the standard for setting aside an entry of default is a "lower standard" than is required when the court is asked to set aside a default judgment. Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980). Consistent with the "strong policies favor[ing] resolution of disputes on their merits," when this Circuit reviews "a motion for relief from entry of a default . . . all doubts are resolved in favor of the party seeking relief." Id. at 836.

**Federal Rule of Civil Procedure 4(i) (Serving Federal Defendants)**

Federal Rule of Civil Procedure 4(i) articulates the requirements for effecting service of a complaint and summons upon officers and employees of the United States.  When such officials are sued in their individual capacity, a party must serve the United States and also personally serve the official in the manner prescribed by Rule 4(e) (which sets forth the means of serving an individual).  See Fed. R. Civ. P. 4(i)(3).  When such officials are sued solely in their official capacity, a party must serve the complaint and summons on the United States and send a copy to the official by registered or certified mail.  See Fed R. Civ. P. 4(i)(2).

Service on the United States may be made "either through in-person delivery or by sending by certified mail a copy of the summons and complaint to both the Attorney General and the United States Attorney for the judicial district where the action is brought."  Lindsey v. United States, 448 F. Supp.2d 37, 46 (D.D.C. 2006); see also Anderton v. United States, 2008 WL 2510626, *2 (D.D.C. Apr. 28, 2008) (quoting Lindsey); Fed R. Civ. P. 4(i)(1).  Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought "*does not* obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978) (emphasis added); see also Hammond v. Federal Bureau of Prisons, 740 F. Supp.2d 105, 108 (D.D.C. 2010).

**Federal Rule of Civil Procedure 12(a) (Time For Responding To Complaint)**

Federal Rule of Civil Procedure 12(a) establishes the deadlines for filing an answer or otherwise responding to a complaint. The United States and federal officials have 60 days to respond to a complaint.  See Fed. R. Civ. P. 12(a)(2), (3).  For federal officials sued in their individual capacity, that sixty-day period begins to run when service is made on the United

4

States attorney, or when the defendant is personally served, "*whichever is later.*" Fed R. Civ. P. 12(a)(3) (emphasis added). Federal officials sued in their official capacity must respond within sixty days of service on the United States Attorney. Fed. R. Civ. P. 12(a)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Miguel Ilaw filed this action on April 21, 2015. See Docket Entry 1. The complaint names Judge Koh as a defendant and appears to raise claims against Judge Koh in both her official and individual capacities. See ECF No. 1, Compl. ¶¶ 2(i), (ii). Mr. Ilaw has since dismissed the official capacity claims. See Docket Entry 33.

Mr. Ilaw filed a proof of service in which his process server asserted that he had served the complaint on the United States Attorney's Office for the District of Columbia ("USAO-DC") on April 30, 2015. See Docket Entry 9. Although serving the USAO-DC is a critical part of effecting service on the United States and its officials, the USAO-DC has no independent authority to accept service on behalf of federal officials who are sued in their individual capacity.[2] Thus the April 30, 2015 federal express delivery to the USAO-DC did not effect personal service as required by Federal Rule of Civil Procedure 4(i)(3) and 4(e).[3]

The proof of service submitted by Mr. Ilaw's process server also lacked any certified mail receipts or tracking confirmation receipts demonstrating that individuals authorized to accept service at the relevant DOJ offices had personally received the materials plaintiff allegedly served, or that they were sent to those offices in the manner dictated by Rule 4(i)(1). See Docket Entry 9. Instead, the process server simply listed numbers that appear to be tracking

---

[2] Undersigned counsel advises the Court that in July 2015 the USAO-DC received authorization from Judge Koh to accept service on her behalf in connection with this lawsuit. Undersigned counsel notified Mr. Ilaw of the USAO-DC's ability to accept service on behalf of Judge Koh by letter dated July, 8, 2015, and requested that Mr Ilaw send all future filings either to the USAO-DC or the Clerk of Court for the United States District Court for the Northern District of California.

[3] Mr. Ilaw sent a process server to personally serve Judge Koh at her home on June 3, 2015.

numbers for a Federal Express service. See id.  Thus the process server's submission does not establish that Mr. Ilaw perfected service on the United States by sending a copy of the complaint and summons to the United States Attorney's Office and Attorney General by in-person delivery or registered or certified mail as Rule 4(i)(1)(A) requires.  Having reviewed the file for this case, undersigned counsel advises the Court that the USAO-DC records indicate that the April 30, 2015 package was sent via Federal Express, and was not addressed to the Civil Process Clerk, and thus satisfied neither Rule 4(i)(1)(A)(i)'s in-person delivery requirement nor Rule 4(i)(1)(A)(ii)'s alternative option of service by certified or registered mail upon the USAO-DC civil process clerk. See Vargas v. Potter, 792 F. Supp.2d 214, 217 (D. P.R. 2011) (mailing documents addressed to United States Attorney neither constitutes in-person delivery nor satisfies the requirement of sending pleadings by registered mail to the civil process clerk).

Mr. Ilaw filed an affidavit seeking entry of default against Judge Koh on June 11, 2015. See Docket Entry 13.  In that filing, Mr. Ilaw identified April 30, 2015 as the date when he served Judge Koh.  See id.  As noted above, Judge Koh was not served personally on April 30, 2015, and Mr. Ilaw's attempt to serve the United States Attorney's Office on that date did not meet Rule 4(i)(1)(A)'s precise requirements. Mr. Ilaw's affidavit failed to identify Judge Koh as a United States District Judge being sued in her individual and official capacities, and incorrectly suggested that Judge Koh's answer to the complaint was due within twenty one days of April 30, 2015.  See id.

The Clerk entered default against Judge Koh on the same day that Mr. Ilaw filed his affidavit.  See Docket Entry 14.  The Entry of Default was based on the mistaken premise that Judge Koh appeared to have "failed to plead or otherwise defend this action though duly served with summons and a copy of the complaint on April 30, 2015." Id.

Perhaps recognizing that the prior proof of service did not establish compliance with Rule 4(i)(1), Mr. Ilaw's process server submitted a second proof of service on June 23, 2015.  See Docket Entry 20.  That submission included certified mail receipts and United States Postal Service confirmations indicating that the United States Attorney's Office and Attorney General were served on June 22, 2015.  See id.  Judge Koh assumes for purposes of this filing that the June 22, 2015 submissions fully satisfied Rule 4(i). The Clerk subsequently entered a notation on the docket that the federal defendants' answer to the complaint will be due August 21, 2015.

## ARGUMENT

**THE CLERK'S ENTRY OF DEFAULT AGAINST JUDGE KOH IN HER PERSONAL AND INDIVIDUAL CAPACITY SHOULD BE SET ASIDE AND VACATED OR STRICKEN AS VOID.**

### A. The Entry Of Default Was Improper Because It Was Entered Before Judge Koh's Response To The Complaint Was Due.

The Clerk's June 11, 2015 Entry of Default was improper because Judge Koh was not in default on any obligation to respond to Mr. Ilaw's claims against her in her individual or official capacity when default was entered.  Judge Koh is a federal official, and Plaintiff's claims arise from Judge Koh's performance of her duties as a United States District Judge.  Consequently, Judge Koh's response to the individual capacity claims is due no sooner than sixty days after Plaintiff served the United States Attorney's Office or personally served her, whichever is later. See Fed. R. Civ. P. 12(a)(3).  If Mr. Ilaw did not perfect service on the United States Attorney's Office until June 22, 2015, as his most recent proof of service and a review of the USAO-DC files indicate, Judge Koh's individual capacity response would be due sixty days thereafter, on August 21, 2015.  See Fed. R. Civ. P. 12(a)(3).  Even if the April 30, 2015 attempt to serve the United States Attorney's Office had been sufficient to satisfy Rule 4(i)(1)(A) and even if Mr. Ilaw had attempted to personally serve Judge Koh on April 30 (which he did not do), Judge

7

Koh's response to the complaint still would not have been due until sixty days thereafter on June 29, 2015, i.e., more than two weeks after default was entered. As the twenty-one day response period referenced in Plaintiff's affidavit seeking default does not govern federal officers sued for official acts, the affidavit that triggered the Clerk's Entry of Default was incorrect insofar as it advised the Court that the deadline for Judge Koh's response to the complaint had passed with no response filed. See Fed. R. Civ. P.12(a)(1), (2), (3). In turn, the Entry of Default rests on the false premise that Judge Koh had failed to timely respond to the individual or official capacity claims. The Entry of Default should be set aside for that reason.

> **B. The Factors That This Circuit Applies To Rule 55(c) Motions All Support Setting Aside The Entry of Default.**

Further, all three of the factors that courts in this Circuit consider when reviewing Rule 55(c) motions indicate that the Entry of Default against Judge Koh should be set aside. First, there was no "willful default" because there was no default at all. See generally Amr v. Virginia, 58 F. Supp.2d 27, 36 (D.D.C. 2014) ("Without an obligation to respond, there can be no willful default."); Darby v. McDonald, __ F.R.D. __, 2014 WL 6477237, * (D.D.C. Nov. 14, 2014) (finding no willful default where federal defendant had no obligation to respond to the complaint because of improper service). As noted, Judge Koh's answer to the individual and official capacity claims will not be due until August 21, 2015, sixty days after service was perfected on the United States Attorney's Office. Second, vacating the Entry of Default will not prejudice Mr. Ilaw because it would cause little if any delay at this early stage of the proceedings, and that delay carries no risk of the harms that might ensue from more substantial delays in advancing litigation (such as lost evidence or difficulties obtaining discovery). See Amr, 58 F. Supp.2d at 36 (finding plaintiff would not be prejudiced by set-aside of default entered against judge because "there is no apparent danger from the delay since the case is still in the preliminary

stage"); Haskins v. U.S. One Transp., LLC, 755 F. Supp.2d 126, 130-31 (D.D.C. 2010) (concluding that plaintiff would suffer no substantial prejudice from setting aside entry of default because "[t]his litigation is still in a preliminary stage and the motion to vacate the entry of default comes well before the plaintiff has litigated any of his claims against the remaining defendants").

The fact that Judge Koh has several meritorious defenses further supports setting aside the entry of default. A party asserting that it has a meritorious defense that warrants setting aside a default need not prove that (s)he has a substantial "likelihood of success." Darby, __ F.R.D. __, 2014 WL 6477237, *3 (D.D.C. 2014). "Instead, a party's allegations are meritorious if they contain even a hint of a suggestion which, if proven, would constitute a complete defense." Id. (internal quotation marks omitted) (citing Candido v. District of Columbia, 242 F.R.D. 151, 157 (D.D.C. 2007)).

Absolute judicial immunity is a plainly meritorious defense available to Judge Koh. Although Mr. Ilaw's complaint is difficult to comprehend, his allegations against Judge Koh clearly arise from Judge Koh's disposition of a prior Title VII employment discrimination case in which Mr. Ilaw was plaintiff, and Mr. Ilaw seeks damages against Judge Koh. See ECF No. 1, Compl. Absolute judicial immunity forecloses any such claims. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("Judges enjoy absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these acts are taken in the complete absence of all jurisdiction."); Thomas v. Wilkins, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding absolute judicial immunity applied to claims involving acts District Judge took "in his judicial capacity" notwithstanding plaintiff's allegations that the Judge sabotaged the case and falsified documents).

Res judicata is another clearly meritorious defense that bars Mr. Ilaw's claims. This case is the latest in a series of lawsuits that Mr. Ilaw has filed as part of a campaign to relitigate and collaterally attack state and federal courts' resolution of employment discrimination claims that Mr. Ilaw brought against his former employer. The instant complaint arises from the same nucleus of common fact that Mr. Ilaw relied on in a prior unsuccessful suit against Judge Koh and co-defendant Littler Mendelson, P.C. --- Ilaw v. Littler, Mendelson, No 13-cv-4581-JSW (N.D. Cal.) ("Ilaw II"). In Ilaw II, Mr. Ilaw described himself as a "victim of employment and judicial discrimination" committed by Judge Koh, Littler Mendelson and others; characterized Judge Koh's dismissal of his employment discrimination suit as an unlawful "disguise of objectivity," a display of "impropriety" and part of a conspiracy; and raised claims under 42 U.S.C. §§ 1983, 1985, and 1986. See Exh 1, No. 13-cv-4581-JSW, ECF Nos. 11 & 11-1 (Second Amended Complaint) at 20A, 39, 41, 56-57.[4] Those claims parallel the allegations raised in this case. See ECF No. 1, Compl. ¶¶ 103-105, 137, 162-165 & Count 3. The court dismissed Mr. Ilaw's claims for failure to state a claim and recognized that judicial immunity would bar claims against the judges who were defendants. See Exh. 2, No. 13-cv-4581-JSW, ECF Nos. 13, 14 (N.D. Cal. Jan. 14, 2014) (Memorandum Opinion and Order). On appeal, the Ninth Circuit summarily affirmed the dismissal of Mr. Ilaw's claims. See Exh. 3, Ilaw v. Littler Mendelson, PC; et al., No. 14-15131, ECF No.14 (9th Cir. Aug. 18, 2014). That final judgment precludes the relitigation of all claims arising out of the same nucleus of fact in this action, and consequently will require the dismissal of Mr. Ilaw's claims. See Taylor v. Blakely, 400 F.3d 965, 969 (D.C. Cir. 2007).

---

[4] Mr. Ilaw's Second Amended Complaint begins at ECF No. 11, and continues at ECF No. 11-1. Exhibit 1 to this motion combines both docket entries and contains the complete Second Amended Complaint. The cited page numbers correspond to the pagination that Mr. Ilaw placed in the bottom center margin of that pleading.

There are other available defenses including personal jurisdiction and venue. Judge Koh is a United States District Judge in the Northern District of California, Littler Mendelson is based in California, and the prior litigation that gave rise to Mr. Ilaw's current claims occurred in the California federal and state courts. Thus Judge Koh has not had the requisite contacts with the District of Columbia to establish personal jurisdiction, and Mr. Ilaw will be unable to establish that this is the proper venue. See Thompson Hine, LLP v. Taieb, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (discussing contacts necessary to establish jurisdiction under long-arm statute); Hemmings v. United States, No. 08-0907 (JDB), 2009 WL 1025577, at *1 (D.D.C. Apr. 15, 2009) (dismissing Bivens claims for improper venue because the events giving rise to the claim occurred outside the District of Columbia). Judge Koh should be afforded an opportunity to present each of those defenses (and all other available defenses) in a motion to dismiss after the Entry of Default has been vacated.

### C. Alternatively, The Entry Of Default Should Be Declared Void And Stricken From The Docket.

As an alternative to setting aside the Entry of Default under Rule 55(c), the Court could simply declare it void and strike it from the docket on the basis of Judge Koh's judicial immunity. At least two members of this Court have concluded that an entry of default is inherently void when entered against a defendant who is immune from suit. See Smith v. World Bank Gp., __ F. Supp.3d __, 2015 WL 1806054, *2 (D.D.C. Apr. 21, 2015) ("Where a defendant is immune from suit, however, the Clerk's subsequent entry of a default is void from the outset for lack of jurisdiction."); Garcia v. Sebelius, 919 F. Supp.2d 43, 46-47 (D.D.C. 2013) (reaching same conclusion). In those circumstances, "[w]ithout a valid entry of default in the first instance, there is nothing for the Court to vacate." Smith, 2015 WL 1806054 at *2; see also Garcia, 919 F. Supp.2d at 47 (striking entry of default and finding that "the Clerk's entry of default in this case

was void from the outset for lack of jurisdiction, so the Court cannot vacate the entry of default (there being no valid default to vacate)"). Those principles apply with equal force to this case.

## CONCLUSION

For the foregoing reasons, Defendant Lucy H. Koh respectfully requests that the Court set aside, vacate, or strike as void the June 11, 2015 Entry of Default against her.

VINCENT H. COHEN, JR., D.C. Bar # 471489
Acting United States Attorney for the District of Columbia

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar # 924092

BY:     /s/ *Robin M Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530
Phone: (202) 252-2538  Fax: (202) 252-2599
Robin.Meriweather2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July, 2015, I caused a copy of the foregoing Motion to be served upon Defendant Littler Mendelson P.C. through the Court's ECF system, and upon plaintiff Miguel Ilaw by first class mail, postage prepaid, addressed as follows:

Miguel Ilaw
932 Pershing Avenue
San Jose, CA 95126

      /s/ *Robin M. Meriweather*             .
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MIGUEL ILAW,** | ) |
| **Plaintiff,** | ) |
| | ) Civil No. 15-0609 |
| | ) (CKK) |
| v. | ) |
| | ) |
| **DEPARTMENT OF JUSTICE,** | ) |
| **LUCY H. KOH, and** | ) |
| **LITTLER MENDELSON, P.C.,** | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED ORDER**

Upon consideration of Defendant Lucy H. Koh's Motion to Vacate Or Set Aside the Entry of Default Against Judge Koh, ECF No. ____, it is this _____ day of _____, 2015

ORDERED that the Motion to Vacate Or Set Aside the Entry of Default Against Judge Koh be and hereby is GRANTED.

It is further ORDERED

___ that the June 11, 2015 Entry of Default Against Judge Koh shall be and hereby is SET ASIDE and VACATED for the reasons set forth in the accompanying Memorandum Opinion;

[or]

\_\_\_\_ that  the June 11, 2015 Entry of Default Against Judge Koh shall be and hereby is STRICKEN AS VOID for the reasons set forth in the accompanying Memorandum Opinion.

_____
The Honorable Colleen Kollar Kotelly
United States District Judge for the District of Columbia