# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MIGUEL ILAW,
  Plaintiff,
      v.
DEPARTMENT OF JUSTICE, *et al.*,
  Defendants.

**Civil Action No. 15-609 (CKK)**

## MEMORANDUM OPINION
(December 11, 2015)

On April 21, 2015, Plaintiff Miguel Ilaw, proceeding *pro se*, filed suit against the United States Department of Justice, United States District Court Judge Lucy H. Koh, and Littler Mendelson, P.C., bringing several claims against Defendants for their actions related to an employment discrimination case brought by Plaintiff in a Ninth Circuit district court. Plaintiff alleges violations of his Constitutional rights under the Fifth and Fourteenth Amendments, violations of his civil rights under 42 U.S.C. §§ 1983 and 1985, as well as "Fraud upon the Court" and the "Tort of Outrage."[1]

On July 10, 2015 the Court dismissed Plaintiff's claims against Defendants Department of Justice and Judge Koh, in her *official* capacity, pursuant to Plaintiff's Application for Voluntary Dismissal of Action. *See* Minute Order (dated July 10, 2015). Plaintiff brings his remaining claims against Littler Mendelson and Judge Koh, in her *individual* capacity.

Presently before the Court are Judge Koh's [70] Motion to Dismiss and Littler Mendelson's [19] Motion to Dismiss. Also before the Court is Plaintiff's [54] Motion for Immunity Analysis and Denial of Entitlement, in which Plaintiff seeks an "immunity legal determination and denial

---

[1] The tort of "outrage" is the same as the tort of "intentional infliction of emotional distress." *See Dworkin v. Hustler Magazine, Inc.*, 668 F. Supp. 1408, 1420 (C.D. Cal. 1987) *aff'd*, 867 F.2d 1188 (9th Cir. 1989) ("These two torts are "one and the same cause of action.").

of entitlement against Defendants." Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court (1) GRANTS Judge Koh's [70] Motion to Dismiss; (2) GRANTS Littler Mendelson's [19] Motion to Dismiss; (3) DENIES the relief requested by Plaintiff in his [54] Motion for Immunity Analysis and Denial of Entitlement; (4) DENIES as MOOT Plaintiff's [40] Motion to Retain Venue; and (5) DENIES AS MOOT Plaintiff's [82] Motion for Summary Judgment.

The Court shall dismiss Plaintiff's claims against Judge Koh because (1) judicial immunity bars Plaintiff's claims; (2) *res judicata* precludes Plaintiff from relitigating issues that arise from the same set of facts as his earlier suit against Judge Koh; and (3) Plaintiff has failed to plead sufficient facts to state a claim under Rule 12(b)(6) against Judge Koh.

The Court shall dismiss Plaintiff's claims against Littler Mendelson because (1) *res*

---

[2] Plaintiff's Complaint ("Compl."), ECF No. [1]; Plaintiff's Notice of Pleading Errors, ECF No. [8]; Defendant Littler Mendelson's Motion to Dismiss ("Littler Mot. to Dismiss"), ECF No. [19] Plaintiff's Opposition to Littler's Motion to Dismiss ("Pl.'s Opp'n to Littler Mot. to Dismiss"), ECF No. [24]; Defendant Littler Mendelson's Reply in Support of Motion to Dismiss "(Littler Reply"), ECF No. [27]; Plaintiff's Motion for Leave to File Supplemental Pleadings against Defendant Littler Mendelson ("Pl.'s Supp. Opp'n to Littler's Mot. to Dismiss"), ECF No. [34]; Defendant Littler Mendelson's Amended Reply in Support of their Motion to Dismiss ("Littler Am. Reply"), ECF No. [46]; Defendant Koh's Motion to Dismiss ("Koh Mot. to Dismiss"), ECF No. [70]; Defendant Koh's Corrected Motion to Dismiss ("Koh Corrected Mot. to Dismiss"), ECF No. [73-1], Plaintiff's Opposition to Defendant Koh's Motion to Dismiss ("Pl.'s Opp'n to Koh Mot. to Dismiss"), ECF No. [80]; Defendant Koh's Reply in Support of her Motion to Dismiss ("Koh Reply"), ECF No. [81]; Plaintiff's Errata re: Plaintiff's Opposition to Defendant Koh's Motion to Dismiss, ECF No. [89]; Plaintiff's Notice, ECF No. [90]; Defendant Littler Mendelson's Response to Plaintiff's Notice, ECF No. [91]; Defendant Koh's Response to Plaintiff's Notice, ECF No. [92]; Plaintiff's Motion for Immunity Analysis and Denial of Entitlement against Judge Koh, Individual, and Littler Mendelson ("Pl.'s Mot. for Immunity Analysis"), ECF No. [54]; Defendant Littler Mendelson's Opposition to Plaintiff's Motion for Immunity Analysis ("Littler's Opp'n to Pl.'s Mot. for Immunity Analysis"), ECF No. [57]; Plaintiff's Reply to Littler's Opposition, ECF No. [67]; Defendant Koh's Opposition to Plaintiff's Motion for Immunity Analysis ("Koh's Opp'n to Pl.'s Mot. for Immunity Analysis"), ECF No. [72]; Plaintiff's Reply to Defendant Koh's Opposition, ECF No. [79].

*judicata* precludes Plaintiff from relitigating issues that arise from the same set of facts as his earlier suit against Littler Mendelson and (2) Plaintiff has failed to plead sufficient facts to state a claim under Rule 12(b)(6) against Littler Mendelson.

The Court shall enter JUDGMENT in favor of Defendants. Accordingly, this action is DISMISSED, with prejudice, in its entirety.

## I. BACKGROUND

On April 23, 2015, Plaintiff filed the instant action *pro se*. Plaintiff's 51–page Complaint is far from a model of clarity, containing a plethora of lengthy quotes and summaries of statutes, hearings, and other materials. Nevertheless, the Court has been able to discern the following factual allegations from the Complaint and will accept these allegations as true for the purposes of the pending Motions to Dismiss. *See Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) ("On review of a motion to dismiss, we treat the complaint's factual allegations as true and must grant [plaintiff] the benefit of all inferences that can be derived from the facts alleged." (quotation marks and alteration omitted)).

### A. Plaintiff's Employment Termination in 2010 and Subsequent State Court Action

Plaintiff's claims originate in the termination of his employment in September 2010 by a hospital operated by the Daughters of Charity Health Systems ("the Hospital"). *See* Compl. ¶ 4. According to the Complaint, Plaintiff was terminated "after alleging Title VII gender discrimination" in August 2010. *Id.* ¶ 4. In October 2010, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue against the Hospital. *Id.*

In November 2010, Plaintiff filed a discrimination action against the Hospital in Superior Court in Santa Clara County. *Id.* ¶ 7. Plaintiff's counsel agreed with the Hospital's counsel, Defendant Littler Mendelson, to proceed with mediation through an alternative dispute resolution

3

(ADR) proceeding.  *See id.* ¶¶ 9-11.  After the parties' counsel negotiated an agreement resolving Plaintiff's claims, Plaintiff terminated his counsel "for betrayal and legal misrepresentation" when "Plaintiff discovered (sic) local court rule violation" in the agreement.  *Id.* ¶ 11.  The court dismissed Plaintiff's action without prejudice, after Plaintiff moved for voluntary dismissal of his claims.  *See id.* ¶ 13.

## B.  Plaintiff's Federal Court Action in 2011 ("*ILaw I*")

On June 7, 2011, Plaintiff, proceeding *pro se*, filed a Title VII action against the Hospital in the United States District Court for the Northern District of California, *Ilaw v. Daughters of Charity Health Sys.* ("*Ilaw I*"), No. 11-cv-02752 (N.D. Cal.).  Compl. ¶¶ 16-19.

Judge Koh served as the presiding judge in that action.  *Id.* ¶¶ 25-26.  Defendant Littler Mendelson served as counsel to the Hospital.  *Id.* ¶¶ 21-22.  Judge Koh dismissed Plaintiff's claims with prejudice after previously dismissing his complaint with leave to amend, reviewing the parties' two motions to dismiss, and holding a motions hearing.  *See id.* ¶¶ 28-90; s*ee also Ilaw I*, 2012 WL 381240, at *8 (N.D. Cal. Feb 6, 2012).  Judge Koh concluded that Plaintiff's claims were time-barred and that Plaintiff had not established grounds for equitable-tolling.  *See* Compl. ¶ 83; *see also Ilaw I*, 2012 WL 381240, at *7.  On appeal, the Ninth Circuit affirmed Judge Koh's resolution of *Ilaw I*.  *See Ilaw v. Daughters of Charity Health Sys., Inc.*, 585 Fed. Appx. 572, 572-73 (9th Cir. 2014).  In its decision, the Court of Appeals opined that "the district court correctly concluded that Ilaw failed to exercise due diligence to preserve his legal rights, and that equitable tolling does not apply to extend the deadline."  *Id.* at 573.  On February 23, 2015, the United States Supreme Court denied Plaintiff's petition for a writ of certiorari.  *Ilaw v. Daughters of Charity Health Sys., Inc.*, 135 S. Ct. 1412, 191 L. Ed. 2d 379 (2015).

**C.  Plaintiff's  Action in 2013 against Judge Koh and Littler Mendelson ("*ILaw II*")**

On October 18, 2013, Plaintiff sued Judge Koh, Littler Mendelson, and a number of other defendants in the United States District Court for the Northern District of California, *Ilaw v. Littler Mendelson PC, et al. ("Ilaw II")*, No. 13-cv-4851-JSW (N.D. Cal.).  Specifically, Plaintiff named fifteen defendants, including Littler Mendelson, four of its attorneys, Judge Koh, the Hospital, JAMS, one of its mediators, and numerous others.  *See* Second Amended Complaint, *Ilaw II*, No. 13-cv-4851-JSW (N.D. Cal. Dec. 30, 2013) (ECF No. 11).  Plaintiff's second amended complaint in *Ilaw II* purported to seek relief for various alleged wrongs regarding the adjudication of Plaintiff's claims in his state court action and in *Ilaw I*, the federal court action before Judge Koh.  *See id.* ¶¶ 1-12.

As to Judge Koh, Plaintiff alleged, *inter alia*, that (1) Judge Koh dismissed the complaint in *Ilaw I* despite her awareness that the defendants had violated his rights; (2) Judge Koh reviewed Plaintiff's claims under a "disguise of objectivity;" (3) Judge Koh was a participant in a conspiracy to deprive Plaintiff of his right to equal protection; and (4) Judge Koh was derelict in her alleged duty to act to prevent wrongdoing by the retired state judge who served as the mediator in Plaintiff's state court action.  *See id.* at 15, 39, 50, 56-58.  Plaintiff's claims against Judge Koh included civil rights violations under 42 U.S.C. §§ 1985, 1986 as well as the "Tort of Outrage."  *See id.* at 53, 56-59.

As to Littler Mendelson, Plaintiff alleged, *inter alia*, that Littler Mendelson (1) "bought" the mediator in Plaintiff's state court action, (2) "conspired to conceal [Plaintiff]'s medical injury report," and (3) participated in the aforementioned alleged conspiracy to deprive Plaintiff of his right to equal protection.  *Id.* at 35, 56.  Plaintiff's claims against Littler Mendelson included (1)

civil rights violations under 42 U.S.C. §§ 1985, 1986, (2) attorney misconduct, (3) violations of the California State Bar Act, and (4) the "Tort of Outrage." *Id.* at 52-53.

Plaintiff also brought a number of claims against many of the defendants under 42 U.S.C. §§ 1983, but it is unclear from Plaintiff's amended complaint whether Plaintiff brought them against Judge Koh and Littler Mendelson. *See id.* at 1.

On January 14, 2014, Judge Jeffrey S. White dismissed Plaintiff's case with prejudice. *See* Order, *Ilaw II*, No. 13-cv-4851-JSW (N.D. Cal. Jan. 14, 2014) (ECF No. 13). Specifically, Judge White dismissed all of Plaintiff's claims against Judge Koh, finding that judicial immunity barred Plaintiff's claims. *Id.* at 3. Judge White also dismissed Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 on the basis that Plaintiff failed to state a claim under those statutes. *Id.* at 3-4. After having granted Plaintiff leave to file two amended complaints, Judge White concluded that any further attempts to amend would be futile, and dismissed all of Plaintiff's claims with prejudice. *Id.* at 5.

On appeal, the Ninth Circuit summarily affirmed the dismissal of Plaintiff's claims. *See Ilaw v. Littler Mendelson, PC, et al.*, No. 14-15131 (9th Cir. Aug. 18, 2014) (ECF No. 14).

**D.  Plaintiff's Action in the Court of Federal Claims against Judge Koh and Littler Mendelson ("*ILAW III*")**

On February 24, 2015, after filing more than a half-dozen other unsuccessful actions in state and federal courts in California[3]—and after having been listed as a "Vexatious Litigant" in

---

[3] *See, e.g., Ilaw v. United States of America,* No. 12–cv–02001 (N.D. Cal. Jun. 11, 2012) (voluntarily dismissed); *Ilaw v. Daughters of Charity Health Sys.,* No. 12–CV–00954 (N.D. Cal. Mar. 21, 2012) (voluntarily dismissed); *Ilaw v. UNUM U.S.,* No. 12–cv–00745 (N.D. Cal. Mar. 21, 2012) (voluntarily dismissed); *Ilaw v. United States of America,* No. 11–cv–5000 (N.D. Cal. Mar. 2, 2012) (dismissing plaintiff's complaint without leave to amend, finding "amendment would be futile"); *Ilaw v. Daughters of Charity Health Sys., et al.,* No. 12–cv–223189 (Cal. Super. Ct. Apr. 26, 2012); *Ilaw v. Miller Morton Caillat & Nevis LLP, et al.,* No. 12–cv222865

Santa Clara County, California Superior Court[4]—Plaintiff sued Judge Koh and Littler Mendelson in the U.S. Court of Federal Claims for the stated purpose of litigating in an "independent jurisdiction away from 'home' circuit." *See* Complaint, *Ilaw v. United States ("ILAW III")*, No. 15-cv-00173-MBH (Fed. Cl. Feb. 24, 2015) (ECF No. 1), at 3. Plaintiff again sought relief against Judge Koh and Littler Mendelson for the alleged wrongs concerning the adjudication of Plaintiff's claims in *Ilaw I*, the federal court action before Judge Koh. *Id.* Plaintiff also repeated his claims for alleged violations of his Constitutional rights under the Fifth and Fourteenth Amendments and violations of his civil rights under 42 U.S.C. §§ 1983 and 1985, as well as the "Tort of Outrage." *See id.* at 22-27.

On March 16, 2015, Plaintiff filed a motion for "voluntary dismissal and removal to the district court," wherein Plaintiff sought to have the case voluntarily dismissed, so that he could file his complaint in the U.S. District Court for the District of Columbia. *See* Motion for Voluntary Dismissal and Removal to District Court, *Ilaw III*, No. 15-cv-00173-MBH (Fed. Cl. Mar. 16, 2015) (ECF No. 8). Plaintiff stated that he sought dismissal because jurisdiction over Section 1983 claims is conferred exclusively on United States District Courts, and that the Court of Federal Claims therefore lacked jurisdiction to hear his claims. *Id.* at 1-2. On April 21, 2015,

---

(Cal. Super. Ct. Apr. 20, 2012); *Ilaw v. State of California, et al.,* No. 12–CV–222873 (Cal. Super. Ct. Apr. 20, 2012); *Ilaw v. Superior Court,* No. 11–cv–208927 (Cal. Super. Ct. Sep. 12, 2011), *aff'd,* No. H039155 (6th App. Dis. Feb. 7, 2013) (denying permission to file by vexatious litigant), *review denied,* No. S208644 (Cal. Mar. 20, 2013); *Ilaw v. Daughters of Charity Health Sys.,* No. 11–cv–208927 (Cal. Super. Ct. Sept. 12, 2011), *appeal dismissed,* No. H039143 (6th App. Dis. Feb. 6, 2013) (appeal abandoned following notification of vexatious litigant).

[4] On July 26, 2012, plaintiff was listed as a "Vexatious Litigant" in Santa Clara County, California Superior Court. See Vexatious Litigant List, California Courts, *available at* http://www.courts.ca.gov/documents/vexlit.pdf.

while his motion was still pending in the Court of Federal Claims, Plaintiff filed the instant action before this Court.

On June 6, 2015, the judge presiding over Plaintiff's case in the Court of Federal Claims issued an opinion dismissing Plaintiff's complaint with prejudice after finding that it lacked jurisdiction to hear Plaintiff's claims. *See Ilaw III*, 121 Fed. Cl. 408, 428 (2015), *vacated and remanded*, No. 2015-5096, 2015 WL 6842995 (Fed. Cir. Nov. 9, 2015).[5] The court, construing Plaintiff's motion for voluntary dismissal as a transfer request, found that transfer to the U.S. District Court for the District of Columbia would not be in the "interest of justice," given the "exhaustive history of plaintiff's prior, unsuccessful litigation in State and Federal Courts, and the prior findings by numerous courts of the frivolous and vexatious nature of plaintiff's allegations." *Id.* As the court explained,

> Plaintiff is a frequent litigator of cases brought in both State and Federal courts, where his cases on matters related to the ones now filed in this court have been dismissed repeatedly. Moreover, not only has Mr. Ilaw previously filed substantially similar complaints in a variety of jurisdictions, on April 21, 2015, Mr. Ilaw filed a complaint in the United States District Court for the District of Columbia, shortly after he filed the above captioned case in this court. As of the filing of this opinion, plaintiff's case in the District Court for the District of Columbia is still pending, and absolutely no purpose would be served to transfer the above captioned case to the same court.

*Id.* Upon appeal, the U.S. Court of Appeals for the Federal Circuit vacated the district court's decision, holding that Plaintiff's motion for voluntary dismissal divested the district court of jurisdiction, and therefore the district court erred in dismissing Plaintiff's complaint with prejudice, instead of without prejudice. *Ilaw v. United States*, No. 2015-

---

[5] The Court refers the reader to the "Background" section of the district court's opinion in *Ilaw III*, wherein the court provides a thorough and detailed account of Plaintiff's litigation history with respect to the claims at issue in this case. *See Ilaw III*, 121 Fed. Cl. 408, 408-21 (2015) *vacated and remanded*, No. 2015-5096, 2015 WL 6842995 (Fed. Cir. Nov. 9, 2015).

5096, 2015 WL 6842995, at *5 (Fed. Cir. Nov. 9, 2015). In dicta, the appeals court noted that Plaintiff's "almost certain litigation abuse thus far" may have warranted dismissal with prejudice as a sanction, but that the district court had not offered such an explanation in its opinion. *Id.*

### E. Plaintiff's Instant Action

As noted above, on April 21, 2015, Plaintiff filed the instant action *pro se*, again seeking relief against Judge Koh and Littler Mendelson for the alleged wrongs concerning the adjudication of Plaintiff's claims in *Ilaw I*. *Id.* Plaintiff's Complaint consists, in large part, of restatements of allegations made in Plaintiff's second amended complaint in *Ilaw II* and Plaintiff's complaint in *Ilaw III*. *Compare* Complaint *with* Second Amended Complaint, *Ilaw II*, No. 13-cv-4851-JSW (N.D. Cal. Dec. 30, 2013) (ECF No. 11) and Complaint, *ILAW III*, No. 15-cv-00173-MBH (Fed. Cl. Feb. 24, 2015) (ECF No. 1).

This Complaint, however, unlike the complaints filed by Plaintiff in earlier actions, appears to be two pleadings combined into one. His "first" complaint is entitled "Verified Civil Rights Complaint." *See* Compl. at 1-34. The "second" complaint is entitled "Criminal Complaint," which purports to bring various claims against Defendants under State and federal criminal statutes. *See* Compl. 36-51. Plaintiff is without power to initiate or conduct criminal prosecutions. *See Robertson v. United States ex rel. Watson*, 560 U.S. 272, 130 S. Ct. 2184, 2187 (2010) ("[C]rimes and offenses against the laws of any State can only be defined, prosecuted and pardoned by the sovereign authority of that State."). Accordingly, the Court cannot, and shall not, grant Plaintiff's request that the Court issue a complaint charging Defendants with the crimes alleged by Plaintiff in his Complaint. The Court, however, is mindful of its "obligation to construe pro se filings liberally" and shall consider Plaintiff's allegations made in both his

9

"Verified Civil Rights Complaint" and the "Criminal Complaint" for the purposes of deciding the motions currently before the Court. *Toolasprashad v. Bur. of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002),

Plaintiff's allegations appear to center on his belief that his claims in *Ilaw I* should have been equitably tolled due to a "Second Notice of Right to Sue" issued by the EEOC on October 20, 2011. Compl. ¶¶ 54-73. Plaintiff contends that this second notice—which Plaintiff terms "the material fact"—should have extended the statute of limitations for Plaintiff to file his claims in *Ilaw I*. *Id*. ¶ 65. Plaintiff also made this argument to Judge Koh during proceedings in *Ilaw I*, but the court did not find Plaintiff's argument convincing. *Id*. ¶¶ 61-65, 75-86. In Judge Koh's opinion dismissing Plaintiff's case with prejudice, Judge Koh wrote that the "second Notice of Right to Sue is [] untimely and does not cure [Plaintiff's] previous failure to exhaust administrative remedies." *See Ilaw I*, No. 11-CV-02752-LHK, 2012 WL 381240, at *4 (N.D. Cal. Feb. 6, 2012) *aff'd sub nom. Ilaw v. Daughters of Charity Health Sys., Inc.*, 585 F. App'x 572 (9th Cir. 2014), *cert denied* 135 S. Ct. 1412, 191 L. Ed. 2d 379 (Feb. 23, 2015).

Plaintiff's remaining allegations consist of conclusory assertions devoid of factual content, including, *inter alia*:

- "Koh acted with actual legal malice for self-assignment in personal, administrative and executive capacities. Compl. ¶ 27.

- Koh had a "professional alliance" with Mediator Gallagher and Littler. *Id*.

- "Littler bought a judge." *Id*. ¶ 37.

- "Koh is silent about the material fact," and "the order concealed the material fact." *Id*. ¶¶ 87, 88.

- "Littler and Koh impeded the material fact." *Id*. ¶¶ 88, 89.

Plaintiff appears to seek relief under the Fifth and Fourteenth Amendments, as well as a number of federal statutes, including inexplicably, several federal criminal statutes. *See* Compl. at 24-33. Altogether, Plaintiff brings five claims against Defendants: (1) Deprivation of Rights pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242 (Count I); (2) Conspiracy Against Rights pursuant to 42 U.S.C. § 1985(3) and 18 U.S.C. § 241 (Count II); (3) Obstruction of Justice pursuant to 42 U.S.C. § 1985(2) and 18 U.S.C. § 1503(a) and 1512(b), (Count III), (4) Fraud upon the United States Court (Count IV), and (5) Tort of Outrage (Count V). *Id.* ¶¶ 25-29. Plaintiff seeks a "permanent injunction on behalf of the general public, to prohibit Littler Mendelson . . . and District Judge Koh to further joint adjudication, in any court proceeding, in any jurisdiction." *Id.* at 33. Plaintiff also seeks three million dollars in damages. *Id.*

Defendants Judge Koh and Littler Mendelson have each filed separate motions to dismiss, arguing, *inter alia*, that Plaintiff's claims are barred against Judge Koh by judicial immunity, and that Plaintiff's claims should be dismissed against both defendants under the doctrine of *res judicata* and under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Koh Mot. to Dismiss, ECF No. [70]; Littler Mot. to Dismiss, ECF No. [19].

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct.

1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. In deciding a Rule 12(b)(6) motion, the Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n. 6 (D.C. Cir. 1993). Although pro se litigants are generally "held to less stringent standards than formal pleadings drafted by lawyers, they must still provide more than conclusory allegations to survive a motion to dismiss." *Lewis v. Bayh*, 577 F. Supp. 2d 47, 56 (D.D.C. 2008) (internal citations omitted).

### III. DISCUSSION

Each Defendant moves the Court to dismiss Plaintiff's claims under Rule 12(b)(6). Judge Koh argues that Plaintiff's claims against her are barred by judicial immunity. Judge Koh and Littler Mendelson also argue that Plaintiff's claims are precluded by the doctrine of *res judicata*, and that Plaintiff has failed to plead sufficient facts to state a viable claim under Rule 12(b)(6). The Court shall address Defendants' arguments in turn.[6]

### A. Judicial Immunity Bars Plaintiff's claims against Judge Koh.

"Judges enjoy absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these acts are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Absolute immunity

---

[6] Because the Court finds that Plaintiff's claims against Judge Koh are barred by judicial immunity and that Plaintiff's claims against both Defendants are barred under the doctrine of *res judicata* and under Rule 12(b)(6) for failure to state a claim, the Court finds its unnecessary to address Defendants' remaining arguments made in their motions to dismiss.

shields judges from suit because "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). That immunity "is not overcome by allegations of bad faith or malice," *id.* at 11, and applies even if the challenged action was "in error . . . or was in excess of [the judge's] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The "remedy for alleged mishandling of a prior case is not a *Bivens* action against the . . . judge, who enjoys absolute immunity, but an appeal or appeals in the prior case." *Smith v. Scalia*, 44 F. Supp.3d 28, 42 (D.D.C. 2014) (internal quotation marks omitted).

Absolute immunity applies here because Judge Koh was acting in her judicial capacity when she made the decisions challenged by Plaintiff. Plaintiff's allegations primarily concern Judge Koh's dismissal of Plaintiff's claims in *Ilaw I* as time-barred under the relevant statutes. *See* Compl. ¶¶ 54-73. Judge Koh's decision to grant the defendant's motion to dismiss "is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit." *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014).

Plaintiff fails to put forward any evidence suggesting that Judge Koh was acting "in the complete absence of all jurisdiction." *Sindram*, 986 F.2d at 1460. Instead, Plaintiff alleges that Judge Koh took actions—such as forming "an agreement with opposing counsel" and "footnoting a material fact"— that are "never-ever-ever-routinely" performed by a judge. Pl.'s Opp'n to Koh Mot. to Dismiss at 25. Plaintiff's accusations are meritless. Judge Koh explicitly addressed Plaintiff's allegation that he had received a second notice of right to sue when she dismissed Plaintiff's complaint, and explained that Plaintiff had not attached that document to his complaint and instead had submitted only a new EEOC charge against his employer and a

request for a new right-to-sue letter.  *See Ilaw I*, No. 11-cv-02752, 2012 WL 381240, at *3 n.3

(N.D. Cal. Feb. 6, 2012).  Resolving the merits of a motion to dismiss and assessing what weight,

if any, to accord the non-moving party's assertion that additional evidence exists are

quintessentially 'judicial' acts.  *See Wilkins*, 61 F. Supp. at 19.

Plaintiff's filings are also replete with groundless accusations made in apparent

furtherance of Plaintiff's argument that judicial immunity does not apply in this case:

- Judge Koh "sabotaged Mr. Ilaw's legal rights with deliberate indifference."  Pl.'s Opp'n to Koh Mot. to Dismiss at 7;

- "It is obvious that the United States District Court becomes Lucky's *playground. Egregious.*"  *Id.* at 7

- "Koh as a personal alliance with Littler and Mediator Gallagher."  Pl.'s Motion for Immunity Analysis at 9.

Such accusations are not productive, and they do nothing to further Plaintiff's cause.  As the

Supreme Court has made clear, judicial immunity "is not overcome by allegations of bad faith or

malice."  *Mireles*, 502 U.S. at 10.[7]

Plaintiff also appears to argue that immunity does not apply because Judge Koh's rulings

constitute "criminal conduct proscribed by an Act of Congress."  Pl.'s Opp'n to Koh Mot. to

Dismiss at 10.  This argument is also without merit, as Plaintiff's Complaint contains no

evidence indicative of such criminal conduct.  Furthermore, the Ninth Circuit's affirmance of

*Ilaw I* conclusively demonstrates that Judge Koh's rulings were legally correct and an

appropriate exercise of Judge Koh's authority.  *See Ilaw v. Daughters of Charity Health Sys.,*

*Inc.*, 585 Fed. Appx. 572, 572-73 (9th Cir. 2014).

---

[7] Plaintiff also puts forward a multitude of unavailing arguments in his Motion for Immunity Analysis.  *See* Pl.'s Mot. for Immunity Analysis at 1-45.  As explained above, Plaintiff's unfounded accusations of bias and violations of the Constitution do not overcome the defense of absolute immunity.  *See Mireles*, 502 U.S. at 10.

Finally,  the Court notes that Plaintiff has already pursued the appropriate remedy for the alleged wrongs suffered by Plaintiff in *Ilaw I*—appellate review.  Plaintiff sought review of Judge Koh's decision in *Ilaw I* by the Ninth Circuit,  which affirmed Judge Koh's resolution of Plaintiff's claims.  *See Ilaw v. Daughters of Charity Health Sys., Inc.*, 585 Fed. Appx. 572, 572-73 (9th Cir. 2014).  Plaintiff also appealed the Ninth Circuit's decision to the U.S. Supreme Court, which denied Plaintiff's petition for a writ of certiorari.  *See Ilaw v. Daughters of Charity Health Sys., Inc.*, 135 S. Ct. 1412, 191 L. Ed. 2d 379 (Feb. 23, 2015).  Having exhausted the appellate review process available to Plaintiff,  it is entirely inappropriate  for Plaintiff to now seek relief for the same allegations in another district court.

Accordingly,  the Court shall dismiss Plaintiff's claims against Judge Koh, as Plaintiff's claims are barred by judicial  immunity.

## B.  The Doctrine of *Res Judicata* Bars Plaintiff's Claims against Both Defendants.

Both Defendant move to dismiss Plaintiff's claims on the basis that Plaintiff's claims have already been finally  decided and, thus, are barred under the doctrine of *res judicata*.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies  from relitigating  issues that were or could have been raised in that action."  *Sheppard*, 791 F.Supp.2d at 4 (quoting  *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)). "A judgment  on the merits is one that 'reaches and determines the real or substantial grounds of action or defense as distinguished  from matters of practice, procedure, jurisdiction  or form.' "  *Id.* at 7 (quoting  *Saylor v. Lindsley,* 391 F.2d 965, 968 (2d Cir. 1968) (internal citations omitted)) (citing *Nwachukwu v. Karl,* 222 F.R.D. 208, 212 (D.D.C. 2004) (noting  the judicial goal of "deciding  cases on their merits, as opposed to procedural mishaps dictating  the

outcome")).  A decision on a motion to dismiss under Rule "12(b)(6) presents a ruling on the merits with *res judicata* effect." *Haase v. Sessions,* 835 F.2d 902, 906 (D.C.Cir.1987).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.' " *Drake,* 291 F.3d at 66 (quoting *Page v. United States,* 729 F.2d 818, 820 (D.C. Cir. 1984)).  To determine whether two cases share the same nucleus of facts, courts consider "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997) (quotation omitted).  In short, in deciding whether *res judicata* applies, the Court must consider "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *NRDC v. EPA,* 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006)).

The doctrine of red judicata applies here, because this case and a prior case involving these parties, *Ilaw II,* share the same "nucleus of facts." *See Drake,* 291 F.3d at 66.  In *Ilaw II,* Plaintiff sued Judge Koh and Littler Mendelson, purporting to seek nearly identical relief for nearly identical allegations regarding the adjudication of Plaintiff's claims in *Ilaw I. See* Second Amended Complaint, *Ilaw II,* No. 13-cv-4851-JSW (N.D. Cal. Dec. 30, 2013) (ECF No. 11). For example, in *Ilaw II,* Plaintiff, *inter alia,* (1) described himself as a "victim of employment and judicial discrimination" committed by Judge Koh, Littler Mendelson, and others; (2) characterized Judge Koh's dismissal of his earlier suit as an unlawful "disguise of objectivity," a display of "impropriety," and part of a conspiracy; and (3) raised civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986 as well as under various state law claims for attorney

misconduct, violations of the California State Bar Act, and the "Tort of Outrage." *See id.*; *see also* Part I.C, *supra*.

On January 14, 2014, Judge Jeffrey S. White dismissed Plaintiff's claims in *Ilaw II* with prejudice, holding that Plaintiff had failed to state a claim against Judge Koh and Littler Mendelson, and that Plaintiff's claims against Judge Koh were barred by judicial immunity. *See* Order, *Ilaw II*, No. 13-cv-4851-JSW (N.D. Cal. Jan. 14, 2014) (ECF No. 13), at 1-5. On appeal, the Ninth Circuit summarily affirmed the dismissal of Plaintiff's claims. *See Ilaw v. Littler Mendelson, PC, et al.*, No. 14-15131 (9th Cir. Aug. 18, 2014) (ECF No. 14). Those rulings constitute a final judgment that preclude the relitigation of all claims arising out of the same nucleus of facts in this action. *See RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 800 F. Supp. 2d 182, 189 (D.D.C. 2011) *aff'd*, 682 F.3d 1043 (D.C. Cir. 2012). Plaintiff's earlier lawsuit, *Ilaw II*, therefore constitutes a prior litigation (1) "involving the same claims or cause of action" (2) "between the same parties" in which (3) "a final, valid judgment on the merits" was (4) issued by a court of competent jurisdiction." *NRDC,* 513 F.3d at 260.

Plaintiff appears to argue that res judicata does not preclude his claims in this case because (1) Defendants were "non-participants" in *Ilaw II*, (2) Judge White's "*sua sponte*" dismissal was not a final judgment, and (3) Plaintiff "did not raise *second* notice" in *Ilaw II*. *See* Pl.'s Opp'n to Koh Mot. to Dismiss at 27-28 (emphasis in original); *see also* Pl's Opp'n to Littler Mot. to Dismiss at 5-9. Plaintiff also argues that *res judicata* is "immaterial in the present case when Littler-Koh acted with criminal implication." Pl.'s Opp'n to Koh Mot. to Dismiss at 28.

Plaintiff's arguments are not convincing and are contrary to well-established case law. *See Drake,* 291 F.3d at 66. As explained above, Plaintiff's second amended complaint in *Ilaw II* and plaintiff's Complaint in the instant action do not differ in any material way from each other.

17

Both pleadings allege an unspecified collusion between Judge Koh and Littler arising from the subject of his earlier complaint in *Ilaw I*, and they both allege wrongs under 42 U.S.C. §§ 1983 and 1985(3) and (5). The fact that Plaintiff did not make any specific allegation in his prior lawsuit regarding the "Second Notice of Right to Sue" is irrelevant because the second notice concerns the same operative facts as his earlier lawsuit, that is, the decision made by Judge Koh in *Ilaw I* to dismiss Plaintiff's claims. *See Drake,* 291 F.3d at 66.

Accordingly, the doctrine of *res judicata* bars plaintiff's claims against both defendants.

## C.  Plaintiff's Complaint Fails to State a Claim.

Finally, for the reasons described above, the Court shall also dismiss Plaintiff's claims because they fail to state a claim upon which relief can be granted.

Plaintiff's Complaint—which consists, in large part, of lengthy quotes and summaries of statutes, hearings, and other materials—contains no allegations sufficient to state a claim under *Iqbal* and *Twombly*. Rather, Plaintiff appears to rest his purported claims on the facts that (1) Judge Koh dismissed Plaintiff's employment discrimination complaint, (2) Judge Koh purportedly failed to consider the impact of the second notice of right to sue on the timeliness of his claims; and (3) Littler Mendelson represented the defendant in that discrimination action. Beyond those facts, Plaintiff's Complaint relies substantially, if not entirely, on "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 544).

Plaintiff purports to bring five claims against Defendants: (1) Deprivation of Rights pursuant to 42 U.S.C. § 1983; (2) Conspiracy Against Rights pursuant to 42 U.S.C. § 1985(3); (3) Obstruction of Justice pursuant to 42 U.S.C. § 1985(2); (4) Fraud upon the United States Court; and (5) the Tort of Outrage. *Id.* ¶¶ 25-29.

### 1.  Plaintiff Fails to State any Claims under 42 U.S.C. §§ 1983 and 1985

Furthermore, Plaintiff's Complaint cites several federal civil rights statutes, including 42 U.S.C. §§ 1983 and 1985, but merely quotes the relevant laws and fails to contain a recitation of the elements of any cause of action.  Plaintiff's Complaint fails to state a claim for relief under Section 1983 because Plaintiff has not alleged any facts that either Defendant acted "under color of state law."  *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Plaintiff's Complaint also fails to state a claim for relief under Section 1985, as he has not demonstrated any plausible basis that Defendants took part in a conspiracy for the purpose of depriving Plaintiff of the equal protection of the laws.  *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 688 (D.C. Cir. 2009).  Plaintiff, even though he is proceeding *pro se*, must still provide more than "conclusory allegations of conspiracy" to state a Section 1985 claim.  *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 55 (D.D.C. 2008).

### 2.  Plaintiff Fails to State a Claim of "Fraud Upon the Court"

Plaintiff's Complaint also fails to state a claim of "fraud upon the court."  Fraud upon the court "includes both attempts to subvert the integrity of the court and fraud by an officer of the court" and "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995).  Again, Plaintiff has failed to allege any facts sufficient under *Iqbal* and *Twombly* to state such a claim, as Plaintiff's Complaint relies on bare assertions devoid of factual content.

### 3.  Plaintiff Fails to State a Claim of "Outrage"

Finally, Plaintiff's Complaint fails to state a claim of "outrage," which is the same as the tort of intentional infliction of emotional distress.  *See Dworkin v. Hustler Magazine, Inc.*, 668 F. Supp. 1408, 1420 (C.D. Cal. 1987) *aff'd*, 867 F.2d 1188 (9th Cir. 1989) ("These two torts are

"one and the same cause of action."). To state a claim of intentional infliction of emotional distress, Plaintiff must allege (1) extreme and outrageous conduct by Defendants with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) Plaintiff's suffering severe or extreme emotional distress; and (3) the actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Here, Plaintiff has alleged that he has suffered severe or extreme emotional distress. However, he has not alleged any facts sufficient under *Iqbal* and *Twombly* to establish that Defendants' actions were conducted in an "extreme and outrageous" manner with the intent of causing emotional distress of Plaintiff, or that such conduct was the actual and proximate cause of Plaintiff's emotional distress.

Accordingly, the Court must dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court (1) GRANTS Judge Koh's [70] Motion to Dismiss; (2) GRANTS Littler Mendelson's [19] Motion to Dismiss; (3) DENIES the relief requested by Plaintiff in his [54] Motion for Immunity Analysis and Denial of Entitlement; (4) DENIES as MOOT Plaintiff's [40] Motion to Retain Venue; and (5) DENIES AS MOOT Plaintiff's [82] Motion for Summary Judgment.

The Court shall dismiss Plaintiff's claims against Judge Koh because (1) judicial immunity bars Plaintiff's claims; (2) *res judicata* precludes Plaintiff from relitigating issues that arise from the same set of facts as his earlier suit against Judge Koh; and (3) Plaintiff has failed to plead sufficient facts to state a viable claim under Rule 12(b)(6) against Judge Koh.

The Court shall dismiss Plaintiff's claims against Littler Mendelson because (1) *res judicata* precludes Plaintiff from relitigating issues that arise from the same set of facts as his

earlier suit against Littler Mendelson and (2) Plaintiff has failed to plead sufficient facts to state a viable claim under Rule 12(b)(6) against Littler Mendelson.

The Court shall enter JUDGMENT in favor of Defendants.  Accordingly, this action is DISMISSED, with prejudice, in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____

**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE